NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0201n.06
Filed: March 27, 2006

No. 04-2211

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| JUAN CARLOS CANACA, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:    RYAN and COLE, Circuit Judges, and SARGUS, District Judge[*]

**R. GUY COLE, JR.**  Defendant-Appellant Juan Carlos Canaca appeals to this Court to vacate and remand his sentence imposed prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).  We vacate the district court's sentence and remand for resentencing.

I.

In June 2004, Canaca pleaded guilty to being found in the United States after being deported subsequent to a conviction for an aggravated felony.  In an addendum to the presentence report, Canaca sought to preserve an objection to the constitutionality of the United States Sentencing Guidelines ("Guidelines") in light of *Blakely v. Washington*, 542 U.S. 296 (2004), an issue which was then before the Supreme Court in *United States v. Booker*, 543 U.S. 220.  Canaca submitted a

_____

[*] The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

memorandum of law supporting his *Blakely* objection prior to sentencing. Canaca was sentenced after a hearing before a district judge held on September 28, 2004, where he again preserved his objection to sentencing under the Guidelines. At sentencing, the district court adopted the facts and circumstances set forth in the presentence report, calculated a sentencing range of 46 to 57 months under the Guidelines, and imposed a sentence of 48 months.

After announcing Canaca's sentence, the district court continued as follows:

> I understand I have the ability to depart downward in some situations, but I do not exercise that discretion. And the sentence without the guideline range being binding, subject to departures, would probably be about the same. It would be the same.

Canaca now appeals his 48-month sentence, arguing that his sentence violates the Sixth Amendment in light of the Supreme Court's subsequent decision in *Booker*.

## II.

Subsequent to the Supreme Court's decision in *Blakely v. Washington*, this Court sitting en banc recommended that in "the interest of judicial economy, and pending a definitive ruling by the Supreme Court" the district courts continue sentencing in accordance with the Guidelines but also "announce at the time of sentencing a sentence pursuant to 18 U.S.C.A. § 3553(a) . . . treating the Guidelines as advisory only." *United States v. Koch*, No. 02-6278, 2004 WL 1870438 (6th Cir. Aug. 13, 2004) (en banc order), *formal opinion following at* 383 F.3d 436 (en banc), *vacated by* 125 S. Ct. 1944 (2005).

Canaca was sentenced in September 2004, after this Court's en banc order in *Koch* but before the Supreme Court handed down *Booker*. In *Booker*, the Supreme Court held the Guidelines to be advisory, but also provided further instruction as to this Court's duty upon appellate review. The

Court noted that "[s]ection 3553(a) remains in effect, and sets forth numerous factors that guide sentencing," and that "[t]hose factors in turn will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable." *Booker*, 543 U.S. at 261. Since *Booker*, we have required sentencing judges to "offer some measure of reasoning when imposing sentences under the advisory-only Guidelines" to enable this court to conduct a meaningful reasonableness review. *United States v. Till*, 434 F.3d 880, 887 (6th Cir. 2006).

We now credit sentences properly calculated under the Guidelines with a rebuttable presumption of reasonableness. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). However, such a presumption does not relieve a district court of its obligation to explain to the parties and the reviewing court its reasons for imposing a particular sentence. *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006). Neither does the presumption allow this court "to abdicate any semblance of meaningful review." *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006). Even when selecting a presumptively reasonable sentence within the Guidelines range, a district court must "specify[] its reasons for selecting the specific sentence within that range," and, if a defendant raises a particular argument in favor of a lower sentence, the judge must "explain[] the basis for rejecting it." *Richardson,* 437 F.3d at 554.

We agree with the dissent that the district judge is "skilled and experienced," and that he applied the then-existing law of this circuit as set forth in *Koch* and imposed an alternative sentence. The district court did not, however, have the benefit of *Booker* or this court's subsequent case law setting forth the requirements of reasonableness review. Because we are unable to perform meaningful reasonableness review of the alternative sentence without any articulation by the district

court of the reasons for imposing the chosen sentence, we vacate the sentence and remand for

resentencing under *Booker*.

RYAN, Circuit Judge, dissenting.          My brother's approach to the resolution of this appeal is rather different than mine and produces a contrary result.  Therefore, I must, with respect, dissent.

I would affirm the sentence imposed.  The district court judge, a skilled and experienced trial judge, was aware at the time he sentenced the defendant that the United States Sentencing Guidelines were under attack in the United States Supreme Court and might be held unconstitutional.  So the judge did precisely what this court suggested he do in United States v. Koch, No. 02-6278, 2004 WL 1870438 (6th Cir. Aug. 13, 2004) (en banc order):  he imposed an alternative sentence based upon the assumption that the Supreme Court would invalidate the Guidelines.

> I understand I have the ability to depart downward in some situations, but I do not exercise that discretion.  And the sentence without the guideline range being binding, subject to departures, would probably be about the same.  It would be the same.

(Emphasis added.)

The sentence of 48 months' confinement, imposed on the assumption that the Guidelines were not "binding" was toward the lower end of the now advisory Guidelines range of 46 to 57 months.  Until this court's decision a short time ago in United States v. Williams, 436 F.3d 706 (6th Cir. 2006), this court's case law might have required that Canaca's sentence be set aside and resentencing ordered.  But Williams has changed the rule in this court.  Now, when a sentencing court, aware that the Guidelines are not mandatory, imposes a sentence within the Guideline range, the sentence is presumptively reasonable.  Nothing in United States v. Foreman, 436 F.3d 638 (6th Cir. 2006), changes our new rule, or could do so.  The court below assumed the Guidelines were not

"binding" and imposed a sentence within the Guidelines range. Therefore, the sentence is presumptively reasonable.

I would affirm the trial court's sentencing judgment.