NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0223n.06
Filed: March 30, 2006

Case No. 05-1452

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| NICANOR BOLANOS, | ) | DISTRICT OF MICHIGAN, |
| | ) | SOUTHERN DIVISION |
| Defendant-Appellant. | ) | |
| _____ | ) | |

**BEFORE:     SUTTON and GRIFFIN, Circuit Judges; OBERDORFER,*** **District Judge.**

**OBERDORFER, District Judge.**  Nicanor Bolanos appeals his eighty-four

month sentence for conspiracy to distribute marijuana.  He concedes that his sentence falls

within the applicable Sentencing Guidelines range.  He challenges it as procedurally and

substantively unreasonable, citing *United States v. Booker*, 543 U.S. 220, 261 (2005), and *United*

*States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005).  We conclude that Bolanos has not overcome

the presumption that a sentence selected from within the applicable Guidelines range is

reasonable; accordingly, we affirm.

**I.  BACKGROUND**

**A.     Factual Background.**

Bolanos is an illegal immigrant with limited English skills.  After some hesitation,

_____

*  The Honorable Louis F. Oberdorfer, United States District Judge for the District of
Columbia, sitting by designation.

he admits that, between 1995 and 2002, he supplied Roberto and Artemio Serna (the "Serna brothers") with at least four hundred kilograms of marijuana. He further admits that he supplied the marijuana knowing that the Serna brothers would re-sell that marijuana.

**B. Procedural Background.**

**1. Indictment.**

On February 26, 2004, the United States indicted Bolanos for conspiracy to distribute at least one hundred kilograms of marijuana, along with a related forfeiture count. On July 22, 2004, it filed a superceding indictment charging him with conspiracy to distribute at least one thousand kilograms of marijuana, along with a related forfeiture count.

**2. Initial Guilty Plea and Withdrawal of That Plea.**

On August 23, 2004, Bolanos pled guilty to conspiracy to distribute at least one hundred kilograms of marijuana (i.e., he pled guilty to Count I of the original indictment). Bolanos did so pursuant to a letter agreement in which the prosecution agreed not to oppose a Sentencing Guidelines offense level reduction for acceptance of responsibility and to dismiss both the superceding indictment and the forfeiture count of the original indictment.

In October 2004, the United States Probation Office filed its Pre-Sentence Investigation Report, superceded on December 10, 2004 by a revised report. In the revised report, the Probation Office recommended holding Bolanos accountable, for sentencing purposes, for conspiring to distribute one thousand to three thousand kilograms of marijuana. Both the government and Bolanos objected to this aspect of the revised report; they agreed that he should be held accountable for conspiring to distribute only four hundred to seven hundred kilograms of marijuana.

Soon after the Probation Office filed its revised report, Bolanos moved to withdraw his guilty plea. At a December 21, 2004 hearing, the district court heard from both Bolanos's counsel and Bolanos himself. Bolanos raised a statute of limitations argument, objected to not having timely received certain documents, and engaged in the following critical colloquy with the court:

> "THE COURT: Okay. You're contending you're innocent; is that it?
>
> THE DEFENDANT: Yes."

Dec. 21, 2004 Motion to Withdraw Plea Hr'g Tr. at 17 (JA 125). The district court concluded that Bolanos was asserting his innocence of the conspiracy to distribute marijuana charge to which he had pled guilty. Accordingly, the district court permitted him to withdraw his guilty plea.

### 3. Second Guilty Plea.

Subsequently, the prosecutor offered Bolanos the same terms originally offered, plus an agreement not to prosecute Bolanos for any perjury he may have committed in withdrawing his initial guilty plea. Whereupon, Bolanos again pled guilty. The district judge wondered aloud, somewhat impatiently: "Well, it strikes me that either Mr. Bolanos wants to admit he was lying in all the pleadings that he has filed or he wants to lie today." Feb. 23, 2005 [Second] Plea Hr'g Tr. at 3 (JA 143). Ultimately, however, the district judge accepted the second guilty plea.

### 4. Sentencing.

At sentencing, the district judge acknowledged not having reviewed the transcript of the hearing in which Bolanos withdrew his guilty plea. The prosecutor offered that the

transcript recorded Bolanos's professions of innocence. The judge responded: "Let me assume, for purposes of our discussion, that [the transcript] says what you say it does. What is it you want me to do with that information?" Apr. 4, 2005 Sentence Hr'g Tr. at 6 (JA 177). Thereafter, Bolanos's attorney confirmed:

> [I]t's true, as Mr. Bruha [the Assistant United States Attorney] represents, that Mr. Bolanos, as part of a series of questions and answers of the Court, *did say that he was innocent*, and that's why he wanted to – part of the reason why he wanted to have his plea withdrawn.
>
> . . . . [M]y take on that, on behalf of Mr. Bolanos, is that he saw the presentence report, which had a much larger drug quantity than what he had advised that he felt he was responsible for, and that the government had also agreed with, and that was why he wanted to withdraw his plea.

*Id.* at 7-8 (JA 178-79) (emphasis added).

In considering the appropriate sentence, the district court first determined the applicable Sentencing Guidelines range. As the parties agreed, and over the advice of the Probation Office, the court selected a base offense level of twenty-eight (based on responsibility for conspiracy to distribute four hundred to seven hundred kilograms of marijuana). As the parties further agreed, the court then subtracted three offense levels for acceptance of responsibility. While the prosecutor initially moved for an offense level increase for obstruction of justice, he ultimately abandoned that position. This development left the parties in agreement for an offense level of twenty-five, a criminal history category of III, and a resultant Guidelines imprisonment range of seventy to eighty-seven months.

The district court next considered Bolanos's suggestion that it select, pursuant to its authority under *United States v. Booker*, 543 U.S. 220, 245-46 (2005), a sentence below the

applicable Guidelines range.  Bolanos pointed to his likelihood of facing deportation, family connections and responsibilities, misunderstandings about the United States judicial system, and somewhat advanced age (fifty years old).  The court, after consideration, rejected each of these factors as a reason to impose a below-Guidelines sentence.

Instead, the district judge selected a sentence from within the applicable Guidelines range, which he explained as follows:

> With respect to where to sentence Mr. Bolanos within the guideline range, the thing that troubles me the most . . . was his insistence that either using a cell phone to facilitate a drug transaction either wasn't a crime or shouldn't be a crime, or that he was innocent of the charges in this case.
>
> Technically, the guideline range should have been increased for an obstruction of justice, because that's what happened in this case.  The better approach here is to simply take it into account in connection with where to sentence the defendant within the guideline range.
>
> Accordingly, after considering these matters and all of the factors in 18 USC Section 3553, it is the judgment of this Court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of 84 months.

Apr. 4, 2005 Sentence Hr'g Tr. at 22-23 (JA 193-94).

Bolanos now appeals his sentence.

## II.  DISCUSSION

We conclude that Bolanos has not overcome the presumption that his within-the-applicable-Guidelines-range sentence is reasonable.

## A.      Standard of Review and Applicable Law.

Post-*United States v. Booker*, 543 U.S. 220 (2005), we review a criminal sentence "to determine 'whether the sentence is unreasonable.'"  *United States v. Webb*, 403 F.3d 373,

-5-

383 (6th Cir. 2005) (quoting *Booker*, 543 U.S. at 261).  There is a "rebuttable presumption" that a sentence that falls within the applicable Sentencing Guidelines range is reasonable.  *United States v. Richardson*, 437 F.3d 550, 553-54 (6th Cir. 2006) (quotation marks omitted).  The reasonableness review requires consideration of both "the length of the sentence" and "the factors evaluated and the procedures employed by the district court in reaching its sentencing determination."  *Webb*, 403 F.3d at 383.  We "may conclude that a sentence is unreasonable when the district judge [has] fail[ed] to consider the applicable Guidelines range or [has] neglect[ed] to consider the other factors listed in 18 U.S.C. § 3553(a)."  *Id.* (quotation marks omitted); *accord United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005).

In evaluating the reasonableness of a criminal sentence, we accept any district court findings of fact, unless those findings are "clearly erroneous."  *United States v. Gibson*, 409 F.3d 325, 341 (6th Cir. 2005); *United States v. Davidson*, 409 F.3d 304, 310 (6th Cir. 2005).  "A finding of fact will only be clearly erroneous when, although there may be some evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Regalado v. United States*, 334 F.3d 520, 524 (6th Cir. 2003) (quotation marks omitted).  "As long as the district court has interpreted the evidence in a manner consistent with the record, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently."  *Id.* (quotation marks omitted).  "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."  *Id.* (quotation marks omitted).

**B.      Whether Bolanos's Sentence is Procedurally Unreasonable.**

Bolanos first attacks his sentence as "procedurally unreasonable." Aplt's Br. at 17-23; *see Webb*, 403 F.3d at 383 (reasonableness inquiry requires consideration of "not only the length of the sentence but also *the factors evaluated and the procedures employed by the district court in reaching its sentencing determination*") (emphasis added). Bolanos's procedural attack focuses on the district court's (1) failure to review the transcript of its hearing on his request to withdraw his initial guilty plea and (2) statement that it would "assume, for purposes of our discussion, that [the transcript] says what [the prosecutor] say[s] it does." Apr. 4, 2005 Sentence Hr'g Tr. at 6 (JA 177). Bolanos argues that the court's failure to review the transcript led it to misunderstand his apparent professions of innocence as an obstruction of justice. According to Bolanos, he did not mean to profess his innocence of the underlying charge (to which he subsequently re-pled guilty) but meant only to assert that he should not be held responsible, as the Probation Office had recommended, for certain additional quantities of marijuana. Bolanos argues that any confusion regarding the meaning of his statements arose from his misunderstandings of the United States judicial system and the use of a translator.

We conclude that the district court sentencing procedure was reasonable. First, the district court's failure to review the transcript of Bolanos's withdrawal of his plea, while perhaps disappointing, does not render the sentence unreasonable. The district court, after-all, participated in the relevant dialogue only three and a half months earlier and thus had heard first-hand Bolanos's statements and their context. *Cf. United States v. Taylor*, 956 F.2d 572, 578 (6th Cir. 1992) (en banc) (approving findings based on district court's personal observations). Second, the district court's statement that it would assume the truth of the prosecutor's

-7-

representation that Bolanos professed his innocence also does not render the sentencing procedure unreasonable. Bolanos's counsel confirmed that Bolanos "did say that he was innocent." Apr. 4, 2005 Sentence Hr'g Tr. at 7-8 (JA 178-79).

As to Bolanos's underlying argument that the district court mistakenly treated his comments as professions of his innocence *of the charge to which he had previously pled guilty*, the district court's conclusion was not clearly erroneous. That court found as fact that Bolanos stated his innocence of the underlying charge and thereby lied to the court. At the sentencing hearing, the court stated: "Technically, the guideline range should have been increased for an obstruction of justice, *because that's what happened in this case*." Apr. 4, 2005 Sentence Hr'g Tr. at 23 (JA 194) (emphasis added); *see also* U.S.S.G. § 3C1.1, cmt. n. 4(f) (obstruction of justice occurs where defendant "provid[es] materially false information to a judge"). Additionally, in accepting Bolanos's second guilty plea, the court observed: "Well it strikes me that either Mr. Bolanos wants to admit he was lying in all the pleadings that he has filed or he wants to lie today." Feb. 23, 2005 [Second] Plea Hr'g Tr. at 3 (JA 143).

We recognize that Bolanos advances an alternative interpretation of his statements. That alternative, however, does not render the district court's interpretation clearly erroneous. Rather, "[a]s long as the district court has interpreted the evidence in a manner consistent with the record, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Regalado*, 334 F.3d at 524 (quotation marks omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* (quotation marks omitted); *see also id.* at 526.

Here the district court consulted the Sentencing Guidelines, recited its consultation of the balance of the 18 U.S.C. § 3553(a) sentencing factors, explained its decision not to select a sentence outside of the applicable Guidelines range, and explained its decision to select a particular sentence within that range. The court's explanation of its decision to select a particular sentence within the applicable Guidelines range was made with reference to a finding of fact – that Bolanos lied to the court – that is not clearly erroneous. Accordingly, the district court did not impose a procedurally unreasonable sentence.

C.      **Whether Bolanos's Sentence is Substantively Unreasonable.**

Bolanos also attacks his sentence as "substantively unreasonable." Aplt's Br. at 23-25; *see Webb*, 403 F.3d at 383 (criminal sentence may be unreasonable on account of its length). In support of this attack, Bolanos reiterates the same arguments that he advanced regarding the procedural aspect of his sentence. Those arguments, for the same reasons, are unpersuasive with regard to the substance of Bolanos's sentence. As this circuit ruled in *Richardson*: "We credit a sentence . . . that falls within the advisory Guidelines range with a rebuttable presumption of reasonableness." 437 F.3d at 553-54 (quotation marks omitted). Bolanos has not overcome that presumption.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's sentence of Bolanos to imprisonment for eighty-four months.