**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0335n.06
Filed: May 10, 2006

No. 05-5509

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| KENNETH LEON McDERMOTT, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |
| | ) | |

**Before: KENNEDY, MOORE, and SUTTON, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.** On June 28, 2004, Kenneth Leon McDermott

("McDermott") pleaded guilty to obstructing, delaying, and affecting the movement of commodities

by robbery with force and violence in violation of 18 U.S.C. § 1951 and to using and carrying a

firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1).

McDermott had three previous felony convictions for aggravated robbery, and so the district court

sentenced him as a career offender under U.S.S.G. § 4B1.1. Acknowledging the advisory nature of

the Sentencing Guidelines, the district court sentenced McDermott to 262 months of imprisonment,

which was the bottom end of the Guidelines range. McDermott now appeals, arguing that his 262-

month sentence is unreasonable under *United States v. Booker*, 543 U.S. 220 (2005). Because we

conclude that the district court's statements about its lack of discretion indicate that it sentenced

McDermott as though the Guidelines were mandatory, we VACATE the judgment and REMAND for resentencing under *Booker*'s advisory Guidelines framework.

## I. FACTS AND PROCEDURE

The following facts are undisputed. On the evening of January 10, 2003, McDermott attempted to rob a clerk at the Knoxville, Tennessee Greyhound bus terminal. Dressed in a hooded yellow rain coat and wielding a square black handgun (which later proved to be unloaded), McDermott pointed the gun at a bus-terminal clerk and demanded money from the clerk's cash register. The clerk fled into a back room and reported the incident to the police, providing them with a description of the perpetrator. Another Greyhound employee stated that a man fitting the robber's description had obtained a prepaid bus ticket to Chattanooga bearing the name Kenneth McDermott. That employee suggested that, because the man who picked up the ticket had missed the first Chattanooga bus, he might reappear to catch the 2:30 a.m. bus to Chattanooga. As predicted, a man fitting the robber's description arrived at the Greyhound station in time for the 2:30 a.m. bus, and the victim identified him to police as the robber. Police stopped the man, who was identified as McDermott, as he was attempting to leave the station. The police found a Keltec 9mm pistol in McDermott's right front pocket, which an ATF expert later determined to have been manufactured outside Tennessee.

A grand jury indicted McDermott on three counts: (1) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); (2) obstructing, delaying, and affecting the movement of commodities by robbery with force and violence in violation of 18 U.S.C. § 1951; and (3) using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). On June 28, 2004, McDermott pleaded guilty to Counts Two and Three. As

part of the plea agreement, the government agreed to dismiss Count One for felon-in-possession. In the factual basis for the plea agreement, McDermott admitted to three previous felony convictions for aggravated robbery in Tennessee state court. Joint Appendix ("J.A.") at 15 (Factual Basis at 3).

After several continuances because of the pending *Booker* decision, McDermott's sentencing hearing was finally conducted on March 31, 2005. In his sentencing memorandum submitted to the district court shortly before the hearing, McDermott argued that the judge should sentence him without the career offender designation, given that he had committed the prior robberies within a few days of each other when he was only seventeen. McDermott argued that his "sentence should not be 'greater than necessary to comply' with the purposes of 18 U.S.C. § 3553(2)" and that "a sentence below the [career offender] guideline range will satisfy all of the requirements of the law." J.A. at 24, 27 (McDermott Sentencing Memo at 4, 7). McDermott's counsel repeated these arguments at the sentencing hearing when explaining his objection to the recommendations contained in the Presentence Investigation Report ("PSR"), and again encouraged the judge to sentence McDermott outside the career-offender Guidelines range. McDermott also spoke at length at his sentencing hearing, expressing remorse for his offenses, stating that he was under the influence of drugs at the time, acknowledging that he deserved to be punished, and requesting that the judge be lenient so that he would have the opportunity to pursue a better life after he is released.

In its sentencing memorandum, the government argued that McDermott should be sentenced as a career offender under the Guidelines, and that, as recommended by the PSR, the judge should sentence McDermott within the Guidelines range of 262 to 327 months. The government repeated these arguments at the sentencing hearing, and requested that McDermott be sentenced "somewhere

3

towards the lower end of the guideline range, but within that advisory guideline range." J.A. at 61 (Sentencing Hr'g Tr. at 19).

At the sentencing hearing, the judge adopted the recommendation of the PSR that McDermott's Guidelines range be calculated based upon a career-offender enhancement. The district court concluded that McDermott's offense level after acceptance of responsibility was 29 and his criminal history category was VI. The judge acknowledged that after *Booker*, the Sentencing Guidelines were advisory and stated that he must sentence McDermott pursuant to the factors in 18 U.S.C. § 3553(a). Although the sentencing judge referred to the Guidelines as advisory, the judge made several statements that expressed that he felt he lacked discretion in determining the length of McDermott's sentence and in deciding whether or not to sentence McDermott according to the career-offender enhancement. In response to McDermott's argument that the sentencing judge should select a below-Guidelines range because that would be more reasonable in light of the § 3553(a) factors than a within-Guidelines sentence, the judge stated, "[A]s you're well aware, I have limited discretion in fashioning an appropriate sentence." J.A. at 55-56 (Sentencing Hr'g Tr. at 13-14). Immediately after making this statement, the judge asked McDermott's counsel if he was arguing that McDermott's sentence should begin at the time he was arrested, which was at that point over two years before the hearing. McDermott's counsel responded in the affirmative, to which the sentencing judge responded, "That's something that *is* within my discretion." J.A. at 56 (Sentencing Hr'g Tr. at 14) (emphasis added).

The district court then sentenced McDermott to 262 months of imprisonment, which consisted of consecutive sentences of 178 months of imprisonment for obstructing, delaying, and affecting interstate commerce by robbery (Count Two), and 84 months for using and carrying a

firearm during and in relation to a crime of violence (Count Three).[1] The judge also determined that the sentencing term for Count Two commenced on January 10, 2003, which was the day of McDermott's arrest for this offense.[2] The judge stated that the term of 262 months "reflects the lowest end of the guideline range. It is found — felt that this sentence will afford adequate deterrence and provide just punishment." J.A. at 71 (Sentencing Hr'g Tr. at 29). The district court also recommended that McDermott receive 500 hours of substance-abuse treatment while in prison, and sentenced McDermott to five years of supervised release. McDermott filed a timely notice of appeal.

## II. ANALYSIS

McDermott argues that his sentence is unreasonable under *Booker* and *United States v. Webb*, 403 F.3d 373 (6th Cir. 2005), because the district court did not provide an adequate explanation of why it chose to sentence McDermott to 262 months, but rather merely chose a sentence within the Guidelines range. McDermott claims that his "sentence was not reasonable as it was arrived at by following the guidelines as we always did prior to *Booker*," and that in sentencing him, "that the [G]uidelines were simply followed without any reasons given why." Appellant Br. at 9, 17. McDermott argues that given the lack of an articulated basis for its choice of sentence, "[a] logical conclusion is that the [district court] simply sentenced Mr. McDermott as i[n] the past, using [the G]uidelines as mandatory." Appellant Br. at 13.

---

[1]The 84-month sentence for Count Three of the indictment, using and carrying a firearm during and in relation to a crime of violence, was a mandatory-minimum sentence pursuant to 18 U.S.C. § 924(c)(1)(A)(ii).

[2]Because McDermott was still on probation for the previous state convictions, he was reimprisoned in state prison at the point of his arrest for the instant offenses in January of 2003.

After reviewing the sentencing-hearing transcript, we agree with McDermott that the district court appears to have sentenced him under a mandatory Guidelines scheme in violation of *Booker*. At the time of McDermott's sentencing, *Booker* had recently announced that the Sentencing Guidelines were merely advisory. While the district court stated that it was aware of the new advisory nature of the Guidelines, the district court's statements at the sentencing hearing indicate that the court felt that it lacked discretion in determining the length of McDermott's sentence. First, the district court's response to McDermott's attorney's request that the court choose a reasonable but below-Guidelines sentence was, "[A]s you're well aware, I have limited discretion in fashioning an appropriate sentence." J.A. at 55-56 (Sentencing Hr'g Tr. at 13-14). In addition, the district court further indicated that it believed it lacked discretion to determine the length of McDermott's sentence when it stated that the issue of whether his sentence would run concurrently with his state sentence for his previous conviction *was* something that was within its discretion. We find these statements troubling in light of *Booker*.

"*Booker* transformed the Sentencing Guidelines from a mandatory scheme into an advisory resource." *United States v. Richardson*, 437 F.3d 550, 553 (6th Cir. 2006). After *Booker*, "district courts have enhanced discretion in the sentencing of criminal defendants." *United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005). *See also United States v. Barnett*, 398 F.3d 516, 528 (6th Cir. 2005) ("Under the new post-*Booker* framework, the district court is empowered with greater discretion to consider the factors provided in 18 U.S.C. § 3553(a) in determining a proper sentence."). "[W]hile the Guidelines remain important, they are now just one of the numerous factors that a district court must consider when sentencing a defendant." *United States v. McBride*, 434 F.3d 470, 475 (6th Cir. 2006).

6

The record does not suggest why the sentencing judge felt he lacked discretion or precisely which decisions or determinations the judge believed to be constrained. After *Booker*, these ambiguities are fatal to McDermott's sentence. Given McDermott's right under *Booker* to be sentenced under an advisory Guidelines framework and the district court's statements that suggest that it may have misunderstood its post-*Booker* discretion, we conclude that McDermott's sentence cannot stand. We therefore vacate McDermott's sentence and remand to the district court so that it can sentence McDermott under a genuinely advisory Guidelines framework, and so that it can analyze and apply the § 3553(a) factors to McDermott's circumstances in a manner that will "enable this court to engage in a meaningful reasonableness review" of the sentence ultimately rendered. *Jackson*, 408 F.3d at 305.

### III. CONCLUSION

For the foregoing reasons, we VACATE McDermott's sentence and REMAND his case to the district court for resentencing in accordance with this opinion and with *Booker*.