File Name: 07a0437n.06

Filed: June 21, 2007

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 06-5595

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MATTHEW JOCK,

    Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF TENNESSEE

_____/

Before:      MARTIN and BATCHELDER, Circuit Judges; O'MEARA, District Judge.[*]

BOYCE F. MARTIN, JR., Circuit Judge. Defendant Matthew Jock appeals the sentence imposed by the district court after resentencing. After Jock received his original sentence, but prior to our remand for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005), a Tennessee state court imposed a sentence to be served consecutively with Jock's federal sentence. Jock argues that at resentencing, the district court failed to consider the factors set forth in 18 U.S.C. § 3553(a) in light of the fact that the state court sentence would increase the amount of time Jock would be imprisoned. For the following reasons, we **AFFIRM** Jock's sentence.

I.

---

[*]The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

The events leading up to Jock's first appeal of his sentence were sufficiently set forth in the

prior panel's opinion:

On 28 January 2003, a federal grand jury issued a six-count indictment, charging Matthew Jock with several drug offenses. On 14 January 2003, prior to Mr. Jock's indictment on drug charges, officers from the Shelbyville Police Department responded to a disturbance at Room 219 of the Country Hearth Inn in Shelbyville, Tennessee. While some of the circumstances of the encounter are not well-developed in the record, the parties do not dispute that the officers found four people, including Mr. Jock, in the hotel room, that they conducted a pat-down search of Mr. Jock, discovering $6,382, and that, during their search of the room itself, the officers found two duffel bags containing various drugs and a Ruger 9 mm semi-automatic pistol. Although the hotel search took place prior to his indictment, Mr. Jock was not charged with any offenses linked to the drugs or gun seized on 14 January 2003.

On 21 April 2003, defendant Matthew Jock pled guilty to count one of the indictment, conspiracy to distribute 50 grams or more of crack cocaine, a violation of 21 U.S.C. § 846. [The government dismissed the other five counts of the indictment at sentencing.] In pleading guilty, Mr. Jock admitted to purchasing, since February 2002, "at least fifty grams of crack cocaine and several ounces of cocaine powder" and then re-selling it. While his plea agreement did not refer to any of the contraband seized during the hotel search, the probation officer included the drugs obtained from the hotel search in calculating Mr. Jock's base offense level of 34, as set forth in U.S.S.G. § 2D1.1(c)(3). Recommending a 2-level enhancement based on the weapon discovered during the hotel room search, pursuant to U.S.S.G. § 2D1.1(b)(1), and assuming a 3-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a) and (b), the pre-sentence report ("PSR") concluded that Mr. Jock's total offense level was 33. After receiving the PSR, Jock objected to several paragraphs which described the hotel search, specifically disagreeing with the use of the drugs and gun obtained from that search in calculating his offense level. Mr. Jock also filed a motion to suppress all evidence resulting from that seizure contending that it was a warrantless search in violation of the Fourth Amendment.

At the sentencing hearing, the trial judge found it unnecessary to rule on the legality of the hotel room search, [footnote omitted] overruled Mr. Jock's objections to the PSR, and found that both the drugs and the gun from the hotel room were properly included in the guideline calculations. Adopting the total offense level of 33 as suggested by the probation officer and finding Mr. Jock to be in criminal history category II, the district court determined that the appropriate guideline range was 151-188 months. However, based on the government's request for a downward departure for Mr. Jock's substantial assistance, pursuant to U.S.S.G. § 5K1.1, the

> district court elected to depart from the guideline range and sentence Mr. Jock to a
> 130 month term of imprisonment.

*United States v. Jock*, 148 F. App'x 519, 520-21 (6th Cir. 2005).

This Court rejected Jock's argument that the district court erred in its calculation of his guideline range. *Id*. at 524. Specifically, this Court held that the drugs found in the hotel room had absolutely no effect on Jock's guideline range. Rather, his base offense level of 34 was based on the amount of drugs he admitted to trafficking in his plea agreement. Therefore, with or without the drugs found in the hotel room, his base offense level would have been 34. This Court also held that the district court did not err by applying 2-point enhancement for the firearm discovered in the hotel room. However, because the district court sentenced Jock when the guidelines were still mandatory, this Court vacated his sentence and issued a limited remand directing the district court to resentence Jock in light of *Booker*. *Id*.

After this Court's remand, Jock filed a sentencing memorandum requesting a below-guidelines sentence. In support of his request, Jock noted that he was plagued by his drug use and poor mental condition at the time of the offense. He also claimed that based on statistical data, because he was older, he would be less likely to recidivate. (He was twenty years old at the time he was arrested, and twenty-three years old when he filed the sentencing memorandum.) He further noted that he was no longer estranged from his father and stepmother as he had been at the time of his arrest. Finally, Jock explained that after his original sentencing, he had pled guilty to drug charges in state court stemming from the January 14, 2003 arrest. The state judge had sentenced Jock to eight years and directed that this sentence run consecutively with his federal sentence.

Another sentencing hearing was held before the district court on March 9 and March 17, 2006. Ultimately, the district court sentenced Jock to 130 months' imprisonment — the same sentence Jock had received at his original sentencing. Jock now appeals this sentence.

II.

We review Jock's sentence for reasonableness. *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006). Reasonableness has both procedural and substantive components. *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006). "A sentence is procedurally unreasonable if the district judge fails to consider the applicable Guidelines range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *Id*. (quoting *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)) (internal quotation marks omitted). "A sentence may be considered substantively unreasonable when the district court 'select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor.'" *Id*. (quoting *Webb*, 403 F.3d at 385).

III.

Jock first argues that, in light of the state court sentence, the district court's imposition of the same sentence as he received at his original sentencing was unreasonable. He claims that "[n]ow the sentence Defendant received is <u>greater</u> than the sentence he received initially." Appellant's Br. at 13. At the hearing, defense counsel stated that Jock had been "prosecuted, basically, for the same offenses in state court." Although he acknowledged that the district court had no jurisdiction to alter the state court sentence, he asked the district court to "consider cutting between 30 to 36 months off

of his sentence as a fair guarantee here so that he's not going to be hurt from some double time."[1]

Although Jock's request for a lower federal sentence in light of his state sentence is understandable, we find that the sentence imposed by the district court was reasonable. The record demonstrates that the district judge considered Jock's argument on this issue, and explained his reasoning denying Jock's request for a lower sentence.

The district judge stated on March 9 that "if [Jock] got consecutive time [in state court] for something that I already considered in setting his sentence here, then that needs to be adjusted." Therefore, the court recessed in order for the district judge to look over the record from the state court. After reconvening on March 17, the district judge explained that the state charges were based on drugs found in Jock's possession at the hotel room on January 14, 2003. But Jock's federal sentence, as noted by a prior panel of this Court, was based on the amount of drugs he admitted to trafficking between December 2001 and April 2002. The district judge explained that "the state court really sentenced Mr. Jock on different matters, effectively on different matters from which this Court sentenced him on." Further, he noted that there was no indication that the firearm upon which Jock's two-point enhancement was based was used by the state court to determine Jock's sentence. Finally, the district judge stated: "I just don't think upon reflection that it would be appropriate for this Court to effectively negate the state court's sentence by changing Mr. Jock's sentence in the

---

[1]Although the state court sentenced Jock to eight years' imprisonment, defense counsel stated at the hearing that the effective sentence of the sentence imposed in state court would actually be about 28.8 months (30% of the eight-year sentence).

federal case."[2]   The district judge acknowledged that usually, after a defendant pleads guilty in

federal court, pending state cases are dismissed or sentences are imposed to run concurrently with

federal sentences.   He noted, however, that this is not always the case, and even cited a recent

example where a criminal defendant faced consecutive federal and state sentences.

It is apparent to us that the district court thoughtfully examined the state court record in order

to make certain that Jock was not being sentenced twice for the same offenses, and then

"communicate[d] clearly its rationale for imposing the specific sentence."   *United States v.*

*Richardson*, 437 F.3d 550, 554 (6th Cir. 2006).  *See also id.* ("Where a defendant raises a particular

argument in seeking a lower sentence, the record must reflect both that the district judge considered

the defendant's argument and that the judge explained the basis for rejecting it.").   Further, Jock has

presented no evidence demonstrating that he was in fact sentenced twice for the same offenses.

Therefore, we find that Jock was not sentenced twice for the same conduct, and hold that there was

nothing procedurally or substantively unreasonable about the district court's decision not to lower

Jock's federal sentence on the basis of his state sentence.[3]

---

[2]Jock was sentenced by the state court on April 19, 2004, well before the Supreme Court's decision in *Booker*.   Therefore, it is unlikely that the state court anticipated that Jock would be resentenced in federal court.

[3]We note that it would have been permissible for the district judge to sentence Jock for the same offenses for which he was sentenced in state court. *See Heath v. Alabama*, 474 U.S. 82, 89-90 (1985) ("'[A]n act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each.'") (quoting *United States v. Lanza*, 260 U.S. 377, 382 (1922)).  However, in order to conduct our reasonableness analysis in the instant case, we must determine whether Jock was sentenced twice for the same offenses.  This is because the district judge's statements at the sentencing hearing made clear that he did not want to impose a sentence for the offenses that were before the state court.  Were we to find that the district judge's determination that the federal and state offenses were different was in error, this would mean

In addition to explaining his reasons for not decreasing Jock's sentence in light of the state sentence, the district judge acknowledged that the guidelines are purely advisory post-*Booker*, and adequately considered the factors set forth in § 3553(a). With respect to the nature and circumstances of the offense, as well as the seriousness of the offense, the district judge commented on the fact that there were numerous sales of drugs involved and the fact that Jock possessed a firearm. He also commented on the need to deter such conduct, and the fact that Jock had a substance abuse problem which should be addressed by the Bureau of Prisons. Therefore, we find that the district court addressed Jock's concerns and considered the relevant statutory factors.

IV.

For the reasons stated above, we hold that the sentence imposed by the district court was both procedurally and substantively reasonable. Therefore, we **AFFIRM** Jock's sentence.

---

that the judge made an uninformed decision, rendering Jock's sentence unreasonable, and requiring a remand.