**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Sheldon W. HILL, Defendant–**
**Appellant.**

**No. 15–3121.**

United States Court of Appeals,
Sixth Circuit.

Dec. 16, 2015.

---

BEFORE: DAUGHTREY, ROGERS, and WHITE, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge.

Defendant Sheldon Hill pleaded guilty to one count of bank robbery and received a within-Guidelines prison sentence of 151 months. The district court also sentenced Hill to three years of supervised release and ordered him to pay a $100 special assessment and $830 in restitution. On appeal, Hill first contends that his sentence is procedurally unreasonable because the district court failed to address his request for a downward variance and because the court based its decision upon an erroneous fact. He also argues that the

sentence is substantively unreasonable because the district court relied upon impermissible factors and failed to consider Hill's traumatic childhood in reaching its decision. In light of the record before us and the deference accorded a district court's sentencing decisions, we find no error and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The presentence investigation report prepared by the United States Probation Office succinctly summarized the uncontested, underlying facts in this case. In that report, the probation officer wrote:

> On April 11, 2014, the defendant entered the Huntington Bank on Market Avenue in Canton, Ohio. Defendant approached a teller and requested to withdraw $1,000 from his bank account. The teller asked for the account number at which time the defendant pulled a piece of paper out of his wallet and said "let's just do it this way." The teller read the paper which stated "this is a robbery give me all your money and no dye packs." The teller removed $830 out of the teller drawer and gave it to the defendant. As the defendant walked away, he asked, "You didn't give me any dye packs?" The defendant then left the bank and fled the area in a vehicle.

After his arrest for bank robbery, Hill agreed to plead guilty to the offense. The resulting presentence report detailed Hill's prior criminal actions, his upbringing, and other aspects of his background. Based upon that information, the probation officer recommended that the district court sentence the defendant to 151–188 months in prison based on an offense level of 29 and criminal history category VI.

At the sentencing hearing, Hill's mother testified that she recently had seen a change in her son's attitude, including an awareness that he has harmed others throughout his life because of his actions and a recognition that he needed to reform his life. Hill then took advantage of his right of allocution and apologized profusely for the pain and heartache he caused both his mother and the employees of the bank he robbed. He attributed his extensive criminal past and the bank robbery for which he was being sentenced to his addiction to crack cocaine, an addiction that helped dull the guilt he felt for accidentally shooting and killing his two-year-old sister when he himself was only five years old.

In discussing the reasons for the sentence to be imposed, the district court explained to the defendant "that bank robbery is such a serious offense in the federal system," in part because of "the potential effect it has [on] victims." By way of example, the court then recounted how, in another bank-robbery case, a teller who had worked for a bank for 37 years and was three months from retirement had become so traumatized by a robbery attempt that she had to undergo psychiatric treatment for the mental health issues that manifested themselves after the crime. The court then took note of Hill's extensive criminal record that included offenses ranging from traffic violations to drug possession, theft, burglary, and robbery. However, based upon Hill's full acceptance of responsibility for his criminal actions and the district court's belief that Hill was committed to "turning [his] life around," the district court sentenced Hill to 151 months in prison, the minimum sentence available within the relevant advisory Guidelines range, to be followed by three years of supervised release, and restitution in the amount that the defendant stole from the bank. The court further recommended that Hill be placed in a drug-treatment program while in prison.

## DISCUSSION

Hill's most significant issues on appeal involve challenges to his 151–month prison sentence. "We review a district court's sentencing determination, under a deferential abuse-of-discretion standard, for reasonableness." *United States v. Pearce*, 531 F.3d 374, 384 (6th Cir.2008) (citation and internal quotation marks omitted). That reasonableness review "has both a procedural and a substantive component." *United States v. Erpenbeck*, 532 F.3d 423, 430 (6th Cir.2008) (citing *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). Here, Hill alleges that the district court erred both procedurally and substantively in calculating what it believed to be an appropriate punishment for the defendant's bank-robbery conviction.

### *Procedural–Reasonableness Challenge*

■ Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51, 128 S.Ct. 586. Hill's challenge to the procedural reasonableness of his sentence focuses on two alleged shortcomings: his belief that the district court based its sentence, in large part, on the trauma experienced by the victim of another, unrelated bank robbery, and his contention that the district court failed to address the arguments raised in his request for a downward variance.

The first of these allegations can be answered in short order. Although the district court did discuss with Hill the psychiatric damage suffered by a bank teller in another robbery committed by another person in another city, the court made clear that there was no evidence that such an injury occurred in this case. Instead, the court explained simply that such unexpected consequences can occur during the commission of a crime, adding "[t]hat's why there's such a severe penalty" provided by statute for bank robberies. That explanation of the general sentencing scheme in no way indicated, much less proved, that the district court was using the facts of a prior case to determine Hill's punishment. That conclusion is brought home more concretely by the recognition that the district court sentenced Hill to the least severe punishment called for under the advisory Guidelines range.

Hill also argues that the district court failed to address his request for a downward variance from that advisory range. We have admonished district courts that "[w]here a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006). Such a discussion by the district court "allow[s] for meaningful appellate review and ... promote[s] the perception of fair sentencing." *United States v. Lalonde*, 509 F.3d 750, 770 (6th Cir.2007) (quoting *Gall*, 552 U.S. at 50, 128 S.Ct. 586). "The question in each case is whether the record makes clear that the sentencing judge listened to each argument, considered the supporting evidence, was fully aware of the defendant's circumstances and took them into account in sentencing him." *United States v. Gapinski*, 561 F.3d 467, 474 (6th Cir.2009) (internal quotation marks and citations omitted). However, "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United*

*States,* 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007).

During the sentencing hearing, defense counsel did not specify the particular § 3553(a) factors that could support the request for a downward variance from the advisory Guidelines range. In a sentencing memorandum, however, counsel did put forth arguments suggesting the suitability of a more lenient punishment. The defendant contended that he was deserving of sentencing leniency because: he previously had not been "involved in any seriously violent criminal conduct"; many of his crimes had been committed close to or more than ten years prior to the present offense; he had successfully completed a substance-abuse program during an earlier period of incarceration; he had suffered severe childhood trauma; and he had not threatened violence or displayed a weapon during the bank robbery.

Directly or indirectly, the district court addressed each of these arguments raised by the defendant. First, the presentence report contained all the information that Hill wanted the district court to consider, and the district court acknowledged that it had reviewed "not only a thorough and comprehensive Presentence Report" but also "a thorough and scholarly sentencing memorandum" prepared by defense counsel. Moreover, the district court explicitly noted that it was required to examine relevant statutory criteria and compare them with the defendant's background, character, and history. "Thus, it is clear that the district court was aware of and considered the [defendant's] history and circumstances." *United States v. Haj–Hamed,* 549 F.3d 1020, 1024 (6th Cir.2008). In fact, during his allocution, Hill brought those very considerations to the forefront by expounding at length on his family history and his battles with drug addiction.

Furthermore, the district court found that the relevant facts contradicted the defendant's claim that he should be granted leniency because he had not committed seriously violent crimes in the recent past. Rather, the court said, "[I]t seems like the older you get, the more serious [the criminal offenses] get." The presentence report's catalog of Hill's lengthy criminal history bears out that observation. Although the defendant was convicted of petty theft offenses as early as age eight and had been primarily guilty of lesser theft, drug, and traffic offenses throughout his early adulthood, in the eight years prior to commission of the bank robbery involved in this case, Hill was convicted of additional petty thefts, of burglary, and of another robbery in which the defendant told a police officer who tried to apprehend him, "I'll kill you over some junk."

Nor can the defendant establish that the district court failed to consider his claim that his completion of a previous substance-abuse program in prison justified imposition of a below-Guidelines sentence. During the sentencing hearing, the district court listened to Hill explain that he had committed the bank robbery while under the influence of crack cocaine, that he was only recently ready to alter his drug habits and, consequently, that the earlier treatment program had failed in its effort to curtail his drug usage.

Hill also argues that the district court did not address his assertion that the bank robbery for which he was convicted was not as serious as other robberies because he did not threaten the teller with a weapon. It was in response to this very argument that the district court related the story about the severe psychological trauma suffered by another teller in another robbery. By describing the effects of that unrelated robbery, the district court expressed its belief that bank robberies

should be considered serious crimes, regardless of whether weapons were used in their commission.

In short, through consideration of the presentence report and questions and comments at the sentencing hearing, the district court examined, addressed, and ultimately rejected each argument presented by Hill for imposition of a below-Guidelines sentence. The defendant's challenge to the procedural reasonableness of the 151–month sentence is thus without merit.

### Substantive–Reasonableness Challenge

■ Hill also contends that the sentence imposed upon him was substantively unreasonable because the district court did not consider the impact of the defendant's traumatic childhood and because the district court gave an unreasonable amount of weight to the potential harm suffered by victims of the robbery, despite the fact that the government offered no evidence of undue harm. Appellate review for substantive reasonableness of a sentence "will, of course, take into account the totality of the circumstances." *Gall*, 552 U.S. at 51, 128 S.Ct. 586. "A sentence is substantively unreasonable if the sentencing court arbitrarily selected the sentence, based the sentence on impermissible factors, and failed to consider pertinent [18 U.S.C.] § 3553(a) factors, or gave an unreasonable amount of weight to any pertinent factor." *United States v. Cunningham*, 669 F.3d 723, 733 (6th Cir.2012) (citation omitted). We "may apply a rebuttable presumption of reasonableness to sentences within the Guidelines," *Pearce*, 531 F.3d at 384 (citing *Gall*, 552 U.S. at 51, 128 S.Ct. 586), but may not reverse a district court's sentencing determination simply because we "might reasonably have concluded that a different sentence was appropriate." *Gall*, 552 U.S. at 51, 128 S.Ct. 586.

The sentence imposed upon Hill by the district court was at the low end of the applicable advisory Guidelines range. Thus, a rebuttable presumption of reasonableness attaches to that sentence, and the defendant has failed to rebut the presumption in this case. As discussed earlier, the district court did *not* place undue weight upon the possible harm suffered by bank employees. Rather, the court's reference to the harm suffered in another robbery was pertinent only to counter Hill's assertion that his crime was not a serious one simply because he had not used a firearm or other weapon to intimidate the tellers. Nor is there any evidence in the record that the district court did not consider the defendant's traumatic childhood and his addiction problems in fashioning an appropriate sentence. The district court indicated that it had before it "a thorough and comprehensive Presentence Report" that detailed the obstacles Hill has faced in his life. The district court then explained that he compared that information to the sentencing factors set forth in 18 U.S.C. § 3553(a) in determining punishment "that's sufficient, but not greater than necessary, to meet the ends of justice." As a result, Hill cannot overcome the presumption that his prison sentence is substantively reasonable.

### Order of Restitution

■ For the first time on appeal, without developed argument or citation to authority, the defendant also contends that "the district court failed to consider the need for restitution." However, pursuant to the relevant provisions of 18 U.S.C. § 3663A, a sentencing court must order "that the defendant make restitution to the victim" of a "crime of violence," a term that is itself defined as a criminal act that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18

U.S.C. § 16(a) (defining "crime of violence").

The indictment to which Hill pleaded guilty alleged that Hill took approximately $830 from another person "by force, violence, and intimidation." Thus, the offense for which Hill was convicted clearly falls within the statutory definition of a "crime of violence." Because Hill has offered no evidence to establish that the bank he robbed otherwise has been made whole, the district court's order of restitution was proper.

### CONCLUSION

For the reasons set out above, the sentence imposed upon the defendant was both procedurally and substantively reasonable. We thus AFFIRM the judgment of the district court.