*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0059p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 05-1260

TONY RICHARDSON,

*Defendant-Appellant.*

>

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 04-00164—David W. McKeague, District Judge.

Argued: January 27, 2006

Decided and Filed: February 13, 2006

Before: SILER, BATCHELDER, and MOORE, Circuit Judges.

_____

## COUNSEL

**ARGUED:** David L. Kaczor, FEDERAL PUBLIC DEFENDERS OFFICE, WESTERN DISTRICT OF MICHIGAN, Grand Rapids, Michigan, for Appellant. Timothy P. VerHey, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** David L. Kaczor, FEDERAL PUBLIC DEFENDERS OFFICE, WESTERN DISTRICT OF MICHIGAN, Grand Rapids, Michigan, for Appellant. Timothy P. VerHey, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee.

_____

## OPINION

_____

KAREN NELSON MOORE, Circuit Judge. Defendant-Appellant Tony Richardson ("Richardson") pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a) for robbing a Bank One branch in Grand Rapids, Michigan, in the summer of 2004. Considering the Sentencing Guidelines as advisory, the district court classified Richardson as a career offender under U.S.S.G. § 4B1.1 because he had two previous state convictions for "crimes of violence," and sentenced Richardson to 180 months in prison. On direct appeal, Richardson argues that his sentence is unreasonable under *United States v. Booker*, 125 S. Ct. 738 (2005), and furthermore, that the district court's enhancement of his sentence as a career offender under U.S.S.G. § 4B1.1 violates his Sixth Amendment rights. Upon review, we conclude that Richardson's sentence is reasonable in light of *Booker* and does not offend the Sixth Amendment. We **AFFIRM**.

1

## I.  BACKGROUND

Defendant-Appellant Richardson appeals his 180-month sentence for bank robbery in violation of 18 U.S.C. § 2113(a).  At approximately 2:00 p.m. on July 2, 2004, Richardson approached a bank teller in a Bank One in Grand Rapids, Michigan, and passed her a note he had written on a withdrawal slip announcing a robbery and demanding money.  The teller gave Richardson $4,084.00 in currency, some of which was wrapped in a dye pack, and Richardson fled from the building.  The teller stated that Richardson did not indicate that he had a weapon, and she recalled that the note he passed her said, "This is a robbery, give me all your $100's, $50's, and $20's.  Act like nothing is wrong or I will shoot you."  Joint Appendix ("J.A.") at 69 (Presentence Investigation Report ("PSR") at ¶ 12).  Richardson, who was nineteen at the time, was apprehended without incident in a nearby apartment building a short while later after the police received a tip about his location.  When Richardson was questioned by police, he admitted that he committed the robbery and stated that he was not assisted by anyone else.  Richardson, who has abused drugs since age seven, admitted that he used cocaine prior to committing the robbery and that he applied some of the proceeds from the robbery to buy cocaine base, his drug of choice.  Richardson stated to the police that the note he passed to the teller stated, "Give me the money or you will die, no blow up ink, $100's, $20's, $50's, be normal."  J.A. at 69 (PSR at ¶ 14); *see also* J.A. at 38 (Sentencing Hr'g Tr. at 8).  When Richardson requested an attorney, the police ended the interview.

Richardson pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a).  At the sentencing hearing on January 31, 2005, the district court determined that Richardson's total offense level was 29, which reflected an enhancement under Guideline § 4B1.1 because the court concluded that Richardson was a career offender, as well as reductions for acceptance of responsibility and timeliness.  The court imposed the career-offender enhancement because it found that, as a matter of law, Richardson's prior convictions for larceny from a person and fleeing and eluding were crimes involving actual violence or the threat of violence as defined by § 4B1.1.  Because of Richardson's career-offender status, the district court also found that his criminal history category was a VI.

The statutory maximum for a violation of § 2113(a) is twenty years, and the guideline range for Richardson, given the district court's findings, was between 151 and 188 months of imprisonment.  Acknowledging that the Guidelines range was advisory, the district court concluded that the range was reasonable and appropriate when considered with the factors in 18 U.S.C. § 3553(a).  The court then sentenced Richardson to 180 months of imprisonment, stating that the basis for the sentence was "the violent nature of Mr. Richardson since he was young, and his continuing inability to control his emotions and his impulses and his reactions, even after he's gotten free of drugs and has been incarcerated, where he still is a violent predator."  J.A. at 58 (Sentencing Hr'g Tr. at 28).  The court recommended that Richardson participate in the 500-hour residential drug treatment program, and determined that at the conclusion of his sentence, Richardson would be placed on three years of supervised release.  Richardson filed a timely notice of appeal.

## II.  ANALYSIS

Richardson advances two claims on appeal:  (1) his 180-month sentence is unreasonable under *Booker*; and (2) the district court violated his Sixth Amendment rights when it determined he was a career offender under Guideline § 4B1.1 and enhanced his sentence because of the career-offender designation.

### A.  Richardson's Reasonableness Claim

Richardson first argues that his sentence is unreasonable under *Booker*.  Richardson claims that his sentence is unreasonable because the district court did not analyze and apply the § 3553(a)

factors with enough specificity when determining his sentence. Richardson also argues that his sentence is longer than necessary to achieve the purposes of sentencing in § 3553(a)(2).

*Booker* transformed the Sentencing Guidelines from a mandatory scheme into an advisory resource. "Without the 'mandatory' provision, the Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals." *Booker*, 125 S. Ct. at 764. "[W]hile not bound to apply the Guidelines," the district courts "must consult those Guidelines and take them into account when sentencing." *Id*. at 767. The Supreme Court explained that "[s]ection 3553(a) remains in effect, and sets forth numerous factors that guide sentencing. Those factors in turn will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable." *Id*. at 766.

Guided by *Booker*'s principle of meaningful appellate review for reasonableness and its respect for the sentencing goals articulated in § 3553(a),[1] we "may conclude that a sentence is unreasonable when the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). We credit a sentence such as Richardson's that falls within the advisory Guidelines range "with a rebuttable presumption of reasonableness." *United States v. Williams*, No. 05-5416, at 2 (6th Cir. Jan. 31, 2006).[2] This rebuttable presumption does not relieve the sentencing court of its obligation to explain to the parties and the reviewing court its reasons for imposing a particular sentence. Even when selecting a presumptively reasonable sentence within the Guidelines range, a district court must "articulate[] its reasoning sufficiently to permit reasonable appellate review, specifying its reasons for selecting" the specific sentence within that range. *Id.* at 3. A district court "need not recite these [§ 3553(a)] factors but must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review." *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005). We emphasize the obligation of the district court in each case to communicate clearly its rationale for imposing the specific sentence. Where a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it. This assures not only that the defendant can understand the basis for the particular sentence but also that the reviewing court can intelligently determine whether the specific sentence is indeed reasonable.

Applying these principles to this case, we remain unpersuaded by Richardson's argument that his sentence is unreasonable. The sentencing hearing transcript reveals that the district court articulated and explained its reasons for sentencing Richardson to a term at the higher end of the Guidelines range. The court did not "simply select" what it viewed as "an appropriate sentence," *Webb*, 403 F.3d at 383, but rather explicitly considered many § 3553(a) factors in sentencing Richardson. The district court considered Richardson's history and characteristics, and was justifiably concerned by his criminal history and the need to protect the public from his behavior. The court explained that it imposed a sentence at the higher end of the Guidelines range because of Richardson's history of violent behavior, including three felony convictions by the time he was

---

[1] The § 3553(a) factors that we consider in our reasonableness analysis include "the nature and circumstances of the offense and the history and characteristics of the defendant" as well as the need for the defendant's sentence "to reflect the seriousness of the offense," "promote respect for the law," "provide just punishment," "afford adequate deterrence," "protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1)-(2). *See also* 18 U.S.C. § 3553(a)(3)-(7) (listing additional factors).

[2] We have previously rejected the argument "that a sentence within a proper Guidelines range is per-se reasonable." *Webb*, 403 F.3d at 385 n.9.

nineteen.  The district court also noted Richardson's continued problems with violence since being incarcerated for this offense, which evidenced "his continuing inability to control his emotions and his impulses and his reactions, even after he's gotten free of drugs."  J.A. at 58 (Sentencing Hr'g Tr. at 28).

The district court also questioned Richardson about pending state charges for kidnaping, carjacking, and armed robbery arising out of an incident occurring only a few days before this bank robbery.  Richardson's counsel clarified to the court that although he was not Richardson's attorney for those state matters, it was his understanding that Richardson intended to plead guilty to those charges.  The district court gave Richardson a chance to explain those pending charges, and stated that he was not relying on the charges but that "they serve to arguably put this [instant] conduct in some sort of context."  J.A. at 55 (Sentencing Hr'g Tr. at 25).  The court stated that Richardson's behavior suggested Richardson was "an incredibly dangerous predator," and that his "predator characteristics have continued to manifest themselves while he's locked up."  J.A. at 54 (Sentencing Hr'g Tr. at 24).

The record suggests that the district court also considered Richardson's needs under § 3553(a)(2)(D).  The court stated it would recommend Richardson for the residential drug treatment program, and noted that Richardson's incarceration for this federal offense, rather than the pending state charges, meant that he would be in the "better run" federal system with "more opportunities available to prisoners."  J.A. at 57 (Sentencing Hr'g Tr. at 27).  The record does not support Richardson's argument that the district court acted unreasonably, but instead suggests that the court was properly guided by the § 3553(a) factors when selecting a sentence at the higher end of the Guidelines range.  Richardson's sentence is reasonable.

## B.  Richardson's Sixth Amendment Claim

Richardson also argues that the district court violated his Sixth Amendment rights when it concluded that two of his previous felony convictions were for "crimes of violence," and therefore determined that he was a career offender under Guideline § 4B1.1 subject to a sentencing enhancement.  Richardson argues that it was improper for the judge, and not a jury, to characterize his previous convictions as crimes of violence as defined by § 4B1.1.  Richardson also argues that because he committed this offense prior to *Booker*, applying any detrimental effect of *Booker*'s remedy ruling to him "would violate the ex post facto and due process principle of fair notice." Appellant Br. at 16.  We review de novo Richardson's constitutional challenge to his sentence. *United States v. Copeland*, 321 F.3d 582, 601 (6th Cir. 2003).

Richardson's arguments lack merit for several reasons.  First, controlling law, both before and after *Booker*, counsels that a judge can make factual findings about a defendant's prior convictions without implicating the Sixth Amendment.  *See Booker*, 125 S. Ct. at 756; *Blakely v. Washington*, 542 U.S. 296, 301 (2004); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *United States v. Hollingsworth*, 414 F.3d 621, 624 (6th Cir. 2005) ("The determination that Hollingsworth's prior convictions for multiple counts of aggravated assault and aggravated robbery included at least one crime of violence was thus squarely within the province of the sentencing judge.").  Conclusions about Richardson's prior convictions would be treated the same before or after *Booker*, and so he was not harmed by the district court's application of *Booker*, which had just been decided at the time he was sentenced.  Richardson's claims that his sentence under *Booker* raises ex post facto concerns are therefore unwarranted, because he was not disadvantaged by the court's application of *Booker*. *See Weaver v. Graham*, 450 U.S. 24, 29 (1981) ("[T]wo critical elements must be present for a criminal or penal law to be *ex post facto*:  it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it.").

Second, the determination that led to Richardson's § 4B1.1 enhancement is not a judge-made factual determination. We consider the question of whether a conviction is a conviction for a "crime of violence" under the Sentencing Guidelines to be a legal determination, and therefore a question appropriate for judicial decision-making. *See United States v. Martin*, 378 F.3d 578, 580 (6th Cir. 2004) ("[W]e give fresh review to the legal question whether either of [defendant's] convictions constitutes a 'crime of violence.'"); *United States v. Payne*, 163 F.3d 371, 375 (6th Cir. 1998) (holding "that the crime of larceny from the person in Michigan is a crime of violence as a matter of law"). It is settled law that both of Richardson's prior convictions under Michigan law, fleeing and eluding and larceny from a person, are considered crimes of violence for the purpose of sentencing. *Martin*, 378 at 580 ("[c]oncluding that third-degree fleeing and eluding under Michigan law is a crime of violence"); *Payne*, 163 F.3d at 375. The district court's determination that Richardson should be classified as a career offender under § 4B1.1 was proper and does not violate his rights under the Sixth Amendment.

## III.  CONCLUSION

Richardson's sentence is reasonable and does not violate the Sixth Amendment, and therefore we **AFFIRM** the judgment of the district court.