*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0160p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

RAYMOND HARRY WARD,

        *Defendant-Appellant.*

No. 05-5822

———————————

Appeal from the United States District Court
for the Western District of Tennessee at Jackson.
No. 04-10011—James D. Todd, Chief District Judge.

Argued: April 27, 2006

Decided and Filed: May 12, 2006

Before: KENNEDY, COLE, and McKEAGUE, Circuit Judges

———————————

## COUNSEL

**ARGUED:** M. Dianne Smothers, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Memphis, Tennessee, for Appellant. Victor L. Ivy, ASSISTANT UNITED STATES ATTORNEY, Jackson, Tennessee, for Appellee. **ON BRIEF:** M. Dianne Smothers, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Memphis, Tennessee, for Appellant. Victor L. Ivy, ASSISTANT UNITED STATES ATTORNEY, Jackson, Tennessee, for Appellee.

———————————

## OPINION

———————————

KENNEDY, Circuit Judge. A federal grand jury returned a two count indictment against Raymond Harry Ward ("defendant"). Joint Appendix ("J.A.") at 6-7. He was charged in count one of the indictment with armed bank robbery, in violation of 18 U.S.C.A. § 2113(a), and in committing, or in attempting to commit, the offense by the use of a dangerous weapon or device, in violation of 18 U.S.C.A. § 2113(d). *Id.* at 6. In the second count of the indictment, defendant was charged with brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). *Id.* at 7. Pursuant to a plea agreement, defendant pled guilty to the first count of the indictment. *Id.* at 91. On appeal, defendant does not argue that the district court incorrectly calculated the UNITED STATES SENTENCING GUIDELINES MANUAL ("Guidelines") range. Defendant, instead, argues that the district court treated the Guidelines as presumptively mandatory and that it did not properly consult the factors listed in 18 U.S.C. § 3553(a). Defendant also argues that his sentence is unreasonable. Defendant requests that this court vacate his sentence and remand for resentencing.

1

## BACKGROUND

The district court calculated the Guidelines range as "recommend[ing] a sentence of 188 to 235 months" imprisonment. *Id*. at 53. The district court sentenced defendant to a 220-month term of imprisonment to be served consecutively to a state court sentence currently being served by defendant, to a four year term of supervised release, and it ordered him to pay $12,196 in restitution to the bank he robbed, as well as a special assessment of $100. *Id*. at 54. In pronouncing sentence, the district court indicated that:

> it's clear that a large part, perhaps all, of your problems are caused by the fact that you began to use drugs in your teenage years and got into that deadly spiral . . . . However, I've got a responsibility to the citizens of the country to protect them from violent offenders. You have[,] if not the worst criminal record for a young man I've ever seen, one of the worst criminal records that I have ever seen. Now, it may be that these crimes of yours were driven by a substance abuse problem, but that doesn't diminish the damage that's caused to the citizens of this district and to your victims.

*Id*. at 52. During sentencing, the district court also focused on the severity of the crimes of bank robbery and the use of a firearm in the commission of a felony. *Id*. at 52-53. It indicated that defendant's substantial criminal background amassed in a short period of time weighed in its decision. *Id*. at 53. The district court also indicated that the sentence it imposed was not "the maximum because I'm convinced that the substance abuse problems that you've had contributed to these problems." *Id*. at 54. Finally, after the district court pronounced sentence, it "recommend[ed] that [defendant] be allowed to serve this at an institution where [he] can get treatment for [his] substance abuse." *Id*. at 55.

## ANALYSIS

The Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005), made the Guidelines advisory. This circuit has held that a sentence that falls within the advisory Guidelines range is given "a rebuttable presumption of reasonableness." *United States v. Williams,* 436 F.3d 706, 708 (6th Cir. 2006). "This rebuttable presumption does not relieve the sentencing court of its obligation to explain to the parties and the reviewing court its reasons for imposing a particular sentence." *United States v. Richardson*, 437 F.3d 550, 553-54 (6th Cir. 2006). One of those obligations is the obligation to consider the factors listed in 18 U.S.C. § 3553(a)[1] in arriving at an

---

[1] 18 U.S.C. § 3553(a) reads as follows:

**Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

. . .

appropriate sentence.  *See Williams*, 436 F.3d at 708.  A district court "need not recite these [§ 3553(a)] factors but must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review." *United States v. Kirby,* 418 F.3d 621, 626 (6th Cir. 2005). *See also United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006) ("*Williams* does not mean that a Guidelines sentence will be found reasonable in the absence of evidence in the record that the district court considered all of the relevant section 3553(a) factors.").  We do not require "explicit reference to the § 3553(a) factors in the imposition of identical alternative sentences." *United States v. Till*, 434 F.3d 880, 887 (6th Cir. 2006).

In this case, the district court treated the Guidelines as advisory.  *See* J.A. at 53.  The district court also provided sufficient indication of its consideration of the factors listed in 18 U.S.C. § 3553(a) to give this court a sufficient basis to review the sentence for reasonableness.  In particular, the district court balanced defendant's drug history and the need for defendant to participate in a substance abuse program, pursuant to 18 U.S.C. § 3553(a)(2)(D), with the severity of his offense including the need to protect the public, pursuant to 18 U.S.C. § 3553(a)(2)(A), (B), and (C),  and his history of criminal activity, pursuant to 18 U.S.C. § 3553(a)(1).  The district court also investigated the kinds of sentences available, pursuant to 18 U.S.C. § 3553(a)(3), in light of the fact that it imposed restitution on defendant.  Thus, in focusing on the need to protect society from violent criminals, discussing the seriousness of the crime, taking into account the relatively quick amount of time in which defendant had amassed an extensive criminal history, while considering as well defendant's need for drug treatment, and by deciding to impose restitution on defendant, the district court took into account all of the relevant factors under 18 U.S.C. § 3553(a).

Based on all of the factors that the district court considered, we find that the sentence is reasonable under our precedent.  In *Richardson*, this court relied on several reasons in finding that a district court's sentence was reasonable:

> The sentencing hearing transcript reveals that the district court articulated and explained its reasons for sentencing Richardson to a term at the higher end of the Guidelines range. The court did not "simply select" what it viewed as "an appropriate sentence," *Webb,* 403 F.3d at 383, but rather explicitly considered many § 3553(a) factors in sentencing Richardson. The district court considered Richardson's history and characteristics, and was justifiably concerned by his criminal history and the need to protect the public from his behavior . . . . The record suggests that the district court also considered Richardson's needs under § 3553(a)(2)(D). The court stated it would recommend Richardson for the residential drug treatment program . . . .

*Richardson*, 437 F.3d at 554-55 (citing *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)). Finally, this court concluded that: "The record does not support Richardson's argument that the district court acted unreasonably, but instead suggests that the court was properly guided by the § 3553(a) factors when selecting a sentence at the higher end of the Guidelines range. Richardson's sentence is reasonable." *Id*. at 555.  In this case, like in *Richardson*, the district court considered the appropriate factors under 18 U.S.C. § 3553(a), including the nature of the offense, the severity of the crime, defendant's criminal history, his drug addiction, and the need for restitution. The district court balanced the aggravating factors against the mitigating factors in fashioning an appropriate sentence, and it imposed a sentence with all of the relevant § 3553(a) factors in mind.

---

**(5)** any pertinent policy statement--

. . .

**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;  and

**(7)** the need to provide restitution to any victims of the offense.

Furthermore, the district court selected a sentence within the recommended Guidelines range. Under our precedent, such a sentence is entitled to a presumption of reasonableness. *Williams,* 436 F.3d at 708. Because the district court provided a sufficient basis to review the sentence by articulating the 18 U.S.C. § 3553(a) factors that it considered, and because the sentence selected was within the range suggested by the Guidelines, defendant must articulate some reason that his sentence is not reasonable. Defendant has failed to provide any reason that his sentence is not reasonable, and, in any event, this court can find no reason that would force it to conclude that the sentence was anything other than reasonable.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.