**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0445n.06
Filed: June 27, 2006

No. 05-5767

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

                                                  On Appeal from the
            v.                                 United States District Court for
                                                  the Western District of Tennessee

JEREMIAH GLYNN SANFORD,
    *Defendant-Appellant*.

_____

Before: KENNEDY, COLE, and McKEAGUE, Circuit Judges

**KENNEDY, J.** Jeremiah Glynn Sanford ("defendant") appeals the sentence he received after pleading guilty to a three count indictment that charged him with possession of a firearm by a convicted felon, in violation of Title 18 U.S.C. § 922(g); possession of a firearm with a barrel of less than 18-inches in length and with an overall length of less than 26-inches, in violation of Title 26 U.S.C. §§ 5822, 5861(c) and 5871; and possession of a firearm with a barrel length of less than 18-inches and an overall length of less than 26-inches, not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26 U.S.C. §§ 5841, 5861(d), and 5871. On appeal, he argues that the post-*Booker* sentence the district court imposed was not reasonable due to the fact that the district court did not identify the factors under Title 18 U.S.C. § 3553(a) that supported the sentence. For the reasons that follow, we **AFFIRM** defendant's sentence.

**BACKGROUND**

Uncertain how it should proceed post-*Booker* with judicial fact-finding and with guilty pleas that admitted only the bare elements of the offenses, the district court determined that it could consider only the sentence that the Guidelines would have recommended without any of the enhancements unless defendant admitted the factual basis of those enhancement in his plea. It also determined that it could consider defendant's prior offenses including his convictions, which were based on guilty pleas, for various state crimes arising from the same incident in which the firearms were seized.

During defendant's sentencing hearing, the government offered the testimony of Officer Michael Harper of the Lexington Police Department. Harper testified that he had responded to a call in which defendant had claimed that he was holding a hostage at an apartment complex, that he would kill the hostage, and that he wanted the police to kill him. Harper also testified that defendant had fired the shotgun in the air as well as in the officers' direction.

According to the testimony of another witness, Officer Hetherington, Defendant was arrested and charged in state court with domestic assault, possession of a prohibited weapon by a convicted felon, aggravated assault on an officer, aggravated assault with intent to commit first-degree murder, felony vandalism, and domestic aggravated assault arising out of that incident.[1] Defendant pled guilty to all of those state charges. During her testimony, Hetherington authenticated state court documents including warrants, indictments, and judgments of conviction.

Using the 2003 version of the U.S. SENTENCING GUIDELINES MANUAL ("Guidelines"), the district court first determined that the advisory Guidelines range for this crime was between 92 and

---

[1]The state court in this case was the General Sessions Court of Henderson County Tennessee.

115 months. This calculation was based, in part, on defendant's criminal history (category V) and, in part, on two enhancements: four levels, pursuant to § 2K2.1(b)(5), because the defendant possessed the gun in connection with an aggravated assault, and three levels, pursuant to § 3A1.2(b)(1), because he created a substantial risk of bodily injury to a police officer. These enhancements were based both on testimony and the authenticated records of conviction in the state court for those acts. Defendant also received a three-level reduction for acceptance of responsibility, pursuant to § 3E1.1(a) and (b).

The district court then indicated that, in its view, the two enhancements for using the firearm in another felony and for an assault on a police officer were neither proved to a federal jury, nor were they admitted by defendant in his plea. In its attempt to comply with *United States v. Booker*, 543 U.S. 220 (2005), and based on concerns that the enhancements were neither proven nor admitted in the federal action, the district court then calculated the Guidelines range without those two enhancements. That calculation resulted in a Guidelines range of 46 to 57 months.

The district court then found that this lower range was not reasonable in light of defendant's assault on a police officer. The district court indicated that a sentence of seven to eight years would be an appropriate sentence. It sentenced defendant to 92 months (7 years, 8 months) on all three counts to run concurrently with each other and with his state sentences and to three years of supervised release on each count (also to run concurrently). The district court also recommended that defendant be sent to a medical facility to determine if he needed psychiatric treatment.

## ANALYSIS

A sentence that falls within the advisory Guidelines range is given "a rebuttable presumption of reasonableness." *United States v. Williams,* 437 F.3d 550, 708 (6th Cir. 2006). *See also United*

*States v. Buchanan*, Case No. 05-5544, 2006 WL 1450686, *4-*10 (6th Cir. May 26, 2006) (concurring opinion of Judge Sutton). "This rebuttable presumption does not relieve the sentencing court of its obligation to explain to the parties and the reviewing court its reasons for imposing a particular sentence." *United States v. Richardson*, 437 F.3d 550 (2006), 553-54 (6th Cir. 2006). One of those obligations is the obligation to consider the factors listed in 18 U.S.C. § 3553(a)[2] in arriving at an appropriate sentence. *See United States v. Ward,* Case No. 05-5822, 2006 WL 1302476 at *2-*3 (6th Cir. May 12, 2006); *Williams*, 436 F.3d at 708. *See also United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006) ("*Williams* does not mean that a Guidelines sentence

---

[2]18 U.S.C. § 3553(a) reads as follows:

**Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed--
>> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> **(B)** to afford adequate deterrence to criminal conduct;
>> **(C)** to protect the public from further crimes of the defendant; and
>> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> **(3)** the kinds of sentences available;
> **(4)** the kinds of sentence and the sentencing range established for--
>> **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>> . . .
>> **(B)** in the case of a violation of probation or supervised release . . .
> **(5)** any pertinent policy statement--
> . . .
> **(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> **(7)** the need to provide restitution to any victims of the offense.

4

will be found reasonable in the absence of evidence in the record that the district court considered all of the relevant section 3553(a) factors."). A district court "need not recite these [§ 3553(a)] factors but must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review." *United States v. Kirby,* 418 F.3d 621, 626 (6th Cir. 2005). *See also United States v. Jones*, 445 F.3d 865, 869 (6th Cir. 2006) ("The district court need not explicitly reference each of the § 3553(a) factors in its sentencing determination."). But, "there must still be sufficient evidence in the record to affirmatively demonstrate the court's consideration of them." *United States v. McBride*, 434 F.3d 470, 476 n.3 (6th Cir. 2006).

In this case, the district court did not explicitly discuss the factors listed in Title 18 U.S.C. § 3553(a), but there is evidence in the record that the district court considered several of those factors. It certainly considered fully the nature and circumstances of the offense from the testimony of the officers involved. The record also reflects that it considered the history and characteristics of the defendant including his long standing depression and disability. In imposing the 92 month sentence because the "seriousness of the offense," required a long sentence, the court was particularly concerned that defendant used the firearm in the commission of the felony of aggravated assault on a police officer. This focus highlights the "seriousness of the offense," and the need "to promote respect for the law, and to provide just punishment for the offense," as § 3553(a)(2)(A) requires. In addition, the district court recommended that defendant be sent to a medical facility for evaluation before he began his federal sentence. Such a recommendation is evidence that the district court considered "the need for the sentence imposed . . . to provide the defendant with needed . . . medical care," pursuant to § 3553(a)(2)(D), as well as "the kinds of sentences available," pursuant to § 3553(a)(3).

5

In his brief, defendant fails to point to any § 3553(a) factor that the court did not consider, which, even arguably, would have resulted in a lower sentence. When asked at oral argument what factor defendant would ask the district court to address on remand that could result in a lower sentence, defendant's counsel was unable to identify one. Nor does defendant complain that the district court failed to address an issue he raised in his sentencing memorandum. Particularly in a case such as this where the district court selected a sentence within the advisory Guidelines range,[3] and in view of the presumption created under *Williams*, 437 F.3d at 708, defendant must provide specific arguments as to why resentencing is necessary. We believe that the record here is adequate to review the sentence for reasonableness, and we find the sentence reasonable.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.

---

[3]The district court imposed alternative sentences on the basis that it was unsure whether it could constitutionally apply Guidelines enhancements after *Booker* in giving consideration to the Guidelines. Our interim precedent has further clarified this issue. *United States v. Richardson*, 437 F.3d 550, 555 (6th Cir. 2006) ("[C]ontrolling law, both before and after *Booker,* counsels that a judge can make factual findings about a defendant's prior convictions without implicating the Sixth Amendment."); *United States v. Barnett*, 398 F.3d 516, 525 (6th Cir. 2005) ("[T]here is no language in *Booker* suggesting that the Supreme Court, as part of its remedial scheme adopted in that case, intended to alter the exception to *Apprendi* allowing district courts to consider the fact and nature of prior convictions without submitting those issues to the jury."). Thus, the district court's first calculation of the Guidelines range was the correct one.

**R. GUY COLE, JR., Concurring.** At the sentencing hearing held on May 5, 2005, Sanford's counsel, M. Dianne Smothers, argued that Sanford suffered from "lifelong...long-term chronic debilitating depression..." and that "[h]e's been diagnosed with psychotic disorders, schizoeffective disorders, antipersonality and just a chronic, ongoing severe clinical depression." Smothers also noted that Sanford was on full Social Security disability for his mental and emotional impairments. Smothers further noted that Sanford's myriad mental and emotional problems were the primary cause of his past criminal conduct and the conduct for which he was about to be sentenced.

As a result of Sanford's longstanding medical problems, Smothers argued for a lower range under the Sentencing Guidelines and for Sanford's commitment to an institution where he could receive the treatment, medication and counseling necessary to address fully his mental health problems. Smothers argued that the "critical factor" in any sentence was the ability of Sanford to receive such treatment.

Taking into account Sanford's mental health history, the district court first properly calculated the advisory Guideline range as 92 to 115 months. As we noted in *McBride,* 434 F. 3d at 476, once the appropriate advisory Guideline range is calculated, the district court "throws this ingredient into the section 3553(a) mix." Considering all of the relevant section 3553(a) factors, including the Guideline range, the district court then imposes a sentence. It is this sentence that we review for reasonableness. See *United States v. Webb,* 403 F.3d 373, 383-85.

Sanford argues that his sentence is unreasonable because the district court did not consider all the factors set forth in section 3553(a) in fashioning a sentence. The record, however, reflects that the district court expressly considered each of the pertinent factors set

forth in section 3553(a), even though the court did not make specific reference to the statute itself. The court considered the nature and circumstances of the offense and the history and characteristics of the defendant, as required by section 3553(a)(1), in remarking to Sanford that he had a "serious mental health history" and that "[w]e could have been here for funeral services for either you or one of those officers [at whom he fired a gun]..." As the majority notes, the court also addressed section 3553(a)(2)(A) and (D), and section 3553(a)(3), in ordering that Sanford be sent to a medical facility for evaluation, suggesting that he "take advantage of the treatment programs that are available to you in prison..." and remarking that he or others could have died in the confrontation he had with the police. The district court also considered the factors set forth in section 3553(a)(4) as it determined the appropriate Guideline range for Sanford and the need for medical attention for his mental and emotional problems. Moreover, the court noted that Sanford had no ability to pay a fine, "so the fine is waived."

Sanford has failed to identify any sentencing factor that was not addressed by the district court. Although the explicit mention of the section 3553(a) factors facilitates our review, there is no evidence that the district court acted arbitrarily, failed to consider the pertinent statutory factors, or gave impermissible weight to any one factor. In fact, the record is clear that the district court reviewed Sanford's criminal history thoroughly, weighed other information about his background, and considered the factors set forth in section 3353(a) before reaching a sentence at the bottom of the Guidelines range.

Although Smothers sought less imprisonment and imprisonment in a facility that could specifically address Sanford's medical needs, the district court clearly took this argument into

consideration and imposed a sentence which, in my view, satisfies the reasonableness requirement mandated by *Booker*.

For these reasons, I concur.