**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 07a0244n.06**
**Filed: April 2, 2007**

**No. 05-6732**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ON APPEAL** FROM THE |
| **Plaintiff-Appellee,** | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| REGINALD RAGLAND, | ) | **O P I N I O N** |
| | ) | |
| **Defendant-Appellant.** | ) | |

**BEFORE: NORRIS, COLE, and CLAY, Circuit Judges.**

**ALAN E. NORRIS, Circuit Judge**. Defendant Reginald Ragland appeals the 480-month sentence that he received after his case was remanded in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). He contends that he did not receive reasonable notice that the court was considering an upward variance pursuant to Federal Rule of Criminal Procedure 32(h). He also argues that there was an insufficient factual basis for imposing the variance. For the reasons that follow, the district court's sentence is affirmed.

**I.**

In December 2003, Ragland was convicted of possessing more than five grams of cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). The district court imposed a 300-month sentence based in part upon the Drug Quantity Table found in the United States Sentencing Guidelines Manual ("U.S.S.G.") § 2D1.1 and a criminal history category of VI. Ragland

appealed.  In an unpublished decision, following the decision in *Booker*, we affirmed his conviction

but remanded for resentencing.  *See United States v. Ragland*, No. 04-5383 (6th Cir. July 12, 2005).

During the pendency of his appeal, Ragland met with his attorney, federal public defender

Pat Brown, and assaulted him.  Not surprisingly, Brown filed a motion to withdraw as counsel,

which was granted. New counsel was appointed.

At his sentencing hearing upon remand, the district court did not use the Drug Quantity Table

to calculate his advisory guidelines range.  Rather, it used Ragland's status as a career offender under

the guidelines.  *See* U.S.S.G. § 4B1.1.  At the hearing, Ragland testified that he had convictions for

aggravated assault, kidnaping, evading arrest, attempted rape, a second kidnaping, and a second

aggravated assault.  Based on these convictions, Ragland qualified as a career offender, which

resulted in the same advisory guidelines range used at his first sentencing hearing, which was

262-327 months.  Because the guidelines were no longer mandatory, and because the evidence

showed that Ragland was a violent career offender who had recently attacked his own attorney, the

government asked the court to impose an upward departure to the forty-year statutory maximum

sentence allowed by 21 U.S.C. § 841(b)(1)(B)(iii).  Ragland's attorney objected, arguing that it was

likely Ragland would face separate additional charges for attacking Brown, and he had not received

reasonable notice that the government intended to seek an upward departure, in violation of Rule

32(h) of the Federal Rules of Criminal Procedure.[1]  However, Ragland's counsel did not state how

---

[1]  This rule states in pertinent part:

> **(h) Notice of Possible Departure from Sentencing Guidelines.** Before the court may depart
> from the applicable sentencing range on a ground not identified for departure either in the

he would have proceeded differently if he had been provided with additional notice. Moreover, other than Ragland himself, the only other defense witness who was called to testify at the resentencing hearing, Ragland's sister, admitted to calling police in 2003 because Ragland was beating her with a broomstick.

Ultimately, the district court overruled Ragland's notice objection. After considering the factors identified by 18 U.S.C. § 3553(a), his advisory guidelines range, and Ragland's recent conduct, the district court imposed the statutory maximum sentence. It provided the following rationale:

> All right, Mr. Ragland, the guidelines recommend in your case–because you're a career offender, recommend a sentence of 262 to 327 months. I previously sentenced you to 300 months, but the Court of Appeals sent this back for resentencing.
>
> In the meantime, the Supreme Court issued its ruling that the guidelines are now advisory only. So I don't necessarily have to follow those guidelines. They are a good starting point for a sentence, but the court can also look at Section 3553 of Title 18 of the United States Code and consider other factors in deciding what your sentence should be.
>
> Most of those factors have already been taken into account, but factor (a)(2)(C), to protect the public from further crimes of the defendant, the court can take that into account. It's my judgment, Mr. Ragland, that society needs to be protected from you. You are a violent, dangerous person. It's been your history that every time something happens that you don't like or people don't do to suit you that you hurt them. That's how you operated up to this point.

---

presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

Fed. R. Crim. P. 32(h).

Now, I have to hear the evidence, your evidence and Mr. Brown's evidence, about what happened in that cell. Now, you certainly aren't charged in this case with assaulting Mr. Brown, but the court can consider that incident in deciding whether or not the public needs to be protected from you.

. . . .

Now, the guidelines in your case, in my judgment, are not sufficient to protect society from you. I find that the need to protect society is a factor that must be taken into account in connection with the guidelines. Given your long history of assaultive behavior, your lack of truthful testimony here today in trying to blame this on Mr. Brown, and your assault of the only person who was trying to help you leads me to believe that only the maximum sentence is appropriate for you.

So, Mr. Ragland, I'm going to commit you to the custody of the Bureau of Prisons for a term of 480 months.

**II.**

**A. Reasonable Notice**

"When reviewing sentencing decisions, we review the district court's factual findings for clear error, while reviewing the district court's conclusions of law *de novo*." *United States v. Hazelwood*, 398 F.3d 792, 795 (6th Cir. 2005) (citing *United States v. DeJohn*, 368 F.3d 533, 544 (6th Cir. 2004)). "[We] review[ ] *de novo* the legal issue of whether the notice received by [the defendant] was sufficient notice of grounds for a departure under Rule 32(h)." *United States v. Matheny*, 450 F.3d 633, 637 (6th Cir. 2006).

Ragland argues that the district court erred when it sentenced him in excess of the advisory guidelines range without giving him pre-hearing notice that it would be considering an upward variance based on *Burns v. United States*, 501 U.S. 129 (1991). The government argues that *Burns'*

holding only applies to pre-*Booker* mandatory sentencing guidelines cases and that Ragland was on notice that the district court would consider his assault on Brown because he was well aware of his own conduct.

*Burns'* notice requirement continues to apply to cases arising after *Booker* and has been codified in Federal Rule of Criminal Procedure 32(h). *See United States v. Quinlan*, 473 F.3d 273, 279 (6th Cir. 2007); *United States v. Cousins*, 469 F.3d 572, 582 (6th Cir. 2006). All that is required is reasonable notice; what constitutes reasonable notice will vary depending on the circumstances of the particular case. *United States v. Meeker*, 411 F.3d 736 (6th Cir. 2005). If the grounds for imposing a variance are not "reasonably contemplated by the defendant, then more time is necessary." *Id.* at 744 (citing *United States v. Hayes,* 171 F.3d 389, 391-95 (6th Cir. 1999)). Rule 32(h) is designed to ensure that a defendant's sentence is the "product of 'focused, adversarial development.'" *Id.* at 746 (citing *Burns*, 501 U.S. at 134).

As already stated, Ragland knew that his recent violent assault on his own attorney was being considered by the district court as evidenced by Brown's motion to withdraw and from his testimony at the hearing. Ragland stated that his new attorney met with him and discussed the assault prior to his second sentencing hearing. Further, during Ragland's testimony, his counsel explicitly stated that they had talked about the testimony Ragland would give at the hearing about the incident. Unlike the situation in *Burns*, where the sentencing judge, sua sponte, varied upward without notifying any of the parties, here, Ragland had some prior notice that the incident would be discussed at the hearing. Moreover, Ragland was given an opportunity at the hearing to present evidence in

support of his position. Under the facts of this case, the notice Ragland received that the district

court was considering an upward variance, was reasonable. Moreover, Ragland has failed to

demonstrate that he suffered any prejudice, as the result of having received notice at the sentencing

hearing. *See id.* (stating that, if the court found the notice deficient, the defendant had simply failed

to make any showing that he was prejudiced). Ragland has failed to suggest how he would have

proceeded differently had he been given greater notice.

## B. Sentencing

Ragland next argues that the factual basis relied on by the district court is insufficient to

support the variance imposed, claiming in part that the injuries defendant inflicted on Brown were

not severe enough to warrant the variance. Post-*Booker*, appellate courts are instructed to review

a district court's sentencing determination for reasonableness. *United States v. Webb*, 403 F.3d 373,

383 (6th Cir. 2005) (quoting *Booker*, 543 U.S. at 261). District courts are directed to consider the

advisory guidelines range as well as the factors identified in 18 U.S.C. § 3553(a), to arrive at a

sentence no "'greater than necessary, to comply with the purposes set forth in that section.'" *United*

*States v. Johnson*, 467 F.3d 559, 563 (6th Cir. 2006) (quoting *United States v. Foreman*, 436 F.3d

638, 643 (6th Cir. 2006)). It is undisputed that Ragland attacked his attorney and that Brown was

injured as a result of the assault. The extent of those injuries is not what is at issue. It is Ragland's

consistent pattern of violent conduct that concerned the district court. The district court considered

Ragland's advisory guidelines range and the factors listed in 18 U.S.C. § 3553(a). At the sentencing

hearing, the court provided a reasoned explanation for variance and concluded that Ragland was likely to commit violent crimes in the future and that the public needed protection from him. The sentence imposed was reasonable.

## III.

For the foregoing reasons, the judgment of the district court is **affirmed**.