**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0530n.06

No. 12-1654

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*May 30, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| FRANCIS A. SHARRAK, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: ROGERS, WHITE, and ALARCÓN, Circuit Judges[*]

ALARCÓN, Circuit Judge.  Francis Sharrak was found guilty by a jury of tax evasion and failing to file tax returns.  The district court sentenced Sharrak to a within-guidelines term of 72 months and ordered him to pay $4.2 million in restitution.  Sharrak timely appealed from his sentence.  He argues that the trial court abused its discretion in denying his request to adjourn his sentencing hearing and by considering improper factors when it determined his sentence.  We have jurisdiction under 18 U.S.C. § 1291, and we affirm his sentence.

I

From the early 1990s to 2006, Sharrak made millions of dollars in unreported income operating internet pornography businesses and acting as a consultant for a strip club.  Sharrak did

---

[*]The Honorable Arthur L. Alarcón, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

not pay any federal taxes from 1993 to 2002, and did not file on-time tax returns from 1996 to 2005. In December 2003, Sharrak filed late income tax returns for tax years 1996-2002 that indicated a total tax liability of $1,449,763 for those years. He also filed an "Offer in Compromise" with the IRS. The IRS rejected his offer.

On August 24, 2010, following a ten-day jury trial, Sharrak was found guilty on all four counts of the indictment charging tax evasion and failure to file tax returns. After the conviction but before sentencing, Sharrak fired his retained counsel. The district court granted Sharrak's attorneys' motion to withdraw as counsel and explained to Sharrak the challenges of self-representation. Sharrak chose to represent himself for sentencing with the assistance of standby counsel appointed pursuant to the Criminal Justice Act. Sentencing was set for January 4, 2011, approximately three months later. Dkt. No. 81 at 48.

On January 3, 2011, at standby counsel's request, the district court adjourned the January 4, 2011 sentencing hearing so that Sharrak could be evaluated for competency. Dkt. No. 122 at 2. On April 27, 2011, the district court ordered that a competency hearing on the record be held on May 4, 2011 and that "a status conference on the record to determine Defendant's position on self-representation . . . be held on June 7, 2011." Dkt. No. 129 at 2. Further, the court ordered that "regardless of Defendant's position on self-representation, objections to the presentence report shall be submitted to the probation officer on or before June 21, 2011. . . [and that] regardless of Defendant's position on self-representation, a sentencing hearing shall be held on July 19, 2011." Id. On May 4, 2011, Sharrak was found competent to proceed. Minute Order of 05/04/2011. On June 7, 2011, the court held a status conference to determine whether Sharrak wanted to continue

to represent himself.  Sharrak stated he was not prepared to make a decision due to "unexpected movement between [jail] facilities and his lack of medication," so the court adjourned the hearing until June 30, 2011.  Dkt. No. 135.  On June 22, 2011, Sharrak moved for another adjournment of the status conference on the issue of his self-representation due to his inability to access his legal materials, caused by his movement between detention facilities.  Dkt. No. 136.  The court adjourned the hearing until July 14, 2011.  Dkt. No. 137.  At standby counsel's request, the court re-set the status conference again several times "due to unforeseeable circumstances."  Dkt. No. 138; see also, Minute Order of 06/24/2011 (re-setting conference for 07/19/2011); Minute Order of 07/08/2011 (re-setting conference for 07/18/2011); Minute Order of 07/15/2011 (re-setting conference for 08/01/2011); Minute Order of 07/28/2011 (re-setting conference for 08/15/2011).  On August 15, 2011, the court again granted an adjournment of the status conference on Sharrak's self-representation until November 17, 2011, "to allow Defendant adequate time to confer with standby counsel."  Dkt. No. 138.

On November 17, 2011, Sharrak made a final decision to represent himself.  Dkt. No. 139 at 1.  "During the hearing, the court observed, and Defendant and [standby counsel] stated, that Defendant was not suffering from any deficits in his comprehension or competence."  Id.  "The court further informed the parties that the schedule for objections, motions, and trial sentencing memoranda previously established in its August 17, 2011 order would remain in place."  However, the court ordered that the sentencing hearing then scheduled for January 31, 2012 be rescheduled for February 9, 2012.  Id.  On December 7, 2011, Sharrak filed a motion seeking additional time to file objections to the presentence report.  Dkt. No. 140.  The court granted the motion and ordered

Sharrak to file any objections to the presentence report on or before January 19, 2012. Dkt. No. 141.

The court ordered that the sentencing hearing go forward as scheduled on February 9, 2012. Id. At

the hearing on February 9, 2012, the court stated that "it would reschedule sentencing one final time

and Defendant would no longer be permitted to forestall the conclusion of this case." Dkt. No. 142.

In its order of February 17, 2012, the court ordered that standby counsel "file directly on the court's

docket any objections to the presentence report" on or before March 12, 2012, and any "Statement

of Proposed Motion for Guideline Departure," or "Statement of Proposed Sentence Variance," or

both, on or before March 19, 2012. Id. The court ordered Sharrak to file "whatever objections to

the presentence report he may have on or before March 19, 2012." Id. The court also provided that

"Defendant may adopt any objection that may have been suggested by standby counsel," and set new

deadlines for the Government's responses. Id. The court ordered that Sharrak's sentencing hearing

be held on April 30, 2012. Id.

On March 8, 2012, Wayne County Jail staff confiscated a laptop from Sharrak's cell. As the

Government explained in its opposition to Sharrak's motion for an adjournment of the sentencing

hearing, filed on April 5, 2012, an investigation by the United States Attorney's Office uncovered

evidence that Sharrak was using the internet-equipped computer for, among other things, "speaking

with a fourteen-year-old girl, sometimes via a three-way phone connection, and discussing drugs,

sexual experiences, specific sexual encounters, and his past relationship with her." Dkt. No. 149 at

4-5. "[T]he Wayne County Sheriff's Department was contacted to find out whether defendant did,

in fact, have access to a private personal computer in his jail cell." Id. at 5. "[P]ersonnel in the

internal affairs unit of the Wayne County Sheriff's Department determined that defendant did not

have written authorization from [the district] court or any other entity to have access to or possession of a private, personal computer in his jail cell, and . . . seized one notebook-style laptop computer with a built-in 'cell phone' containing a SIM card, one external hard drive, one flash drive, one set of earphones, one wireless mouse, and a power cord directly from defendant in his cell." Id.

On March 19, 2012, Sharrak's standby counsel filed objections to the loss amount and to the sophisticated means enhancement contained in the presentence report. Dkt. No. 145 at 6, 26. On March 12, 2012, Sharrak filed objections to the presentence report and on March 19, 2012, he filed a motion adopting in part the objections to the presentence report filed by standby counsel. On March 20, 2012, Sharrak filed a motion seeking a 60-day adjournment of the sentencing hearing on the ground that he was "totally unable to prepare for sentencing" without his laptop. Dkt. No. 146 at 3. The court denied the motion and reminded Sharrak that "the court [had already] informed [him] that his nearly two-year effort to forestall the conclusion of this case would no longer be permitted, and the court would not grant any additional adjournments of sentencing absent the most extraordinary circumstances." Dkt. No. 151. The district court had previously noted the "Defendant's unwillingness to address the presentence report despite the report being available since November 2010." Dkt. No. 142 at 3. Additionally, the court noted that the Government had promptly offered to provide Sharrak's standby counsel with electronic copies of any specific files from his laptop but that Sharrak "failed to identify any files that he believe[d] he [was] entitled to possess." Dkt. No. 151 at 4 (citing Dkt. No. 149 at 19). At the sentencing hearing, Sharrak adopted his standby counsel's objections to the loss amount and to the sophisticated means enhancement in the presentence report. Dkt. No. 168 at 6-7.

At the sentencing proceedings on April 30, 2012, the district court overruled Sharrak's objections to the presentence report except for one correction at ¶ 12, which did not impact Sharrak's sentence, but which erroneously stated that the information provided to the U.S. Probation Office was for years 1997 through 2005, instead of 1997 through 2002. Id. at 19. The court calculated a tax loss of $4.2 million, using Sharrak's own reported tax liability of approximately $1.4 million and adding penalties and interest. The court applied an enhancement for "sophisticated means," making the guideline sentencing range 63-78 months. Dkt. No. 157 at 5, 9-10, 61. The district court overruled Sharrak's request for a downward departure or variance based on diminished mental capacity. Considering the § 3553(a) factors, the nonbinding guideline range, and Sharrak's "excitability and distractibility," the district court sentenced Sharrak to 72 months. Dkt. No. 168 at 61; Dkt. No. 157 at 2. Sharrak filed timely this appeal.

II

On appeal, Sharrak argues that the district court abused its discretion when it denied his fifth request for a continuance of his sentencing. We review the denial of a continuance for abuse of discretion. *Morris v. Slappy*, 461 U.S. 1,11-12 (1983); *United States v. Lewis*, 605 F.3d 395, 401 (6th Cir. 2010). The district court abuses its discretion when it engages in "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *United States v. Vasquez*, 560 F.3d 461, 466 (6th Cir. 2009) (quoting *Morris*, 461 U.S. at 11-12) (internal quotation marks omitted). "Whether a continuance is appropriate in a particular case depends on the facts and circumstances of that case . . . with the trial judge considering the length of delay, previous continuances, . . . whether the delay is purposeful or is caused by the accused, . . . the complexity of

the case, and whether denying the continuance will lead to identifiable prejudice." *Wilson v. Mintzes*, 761 F.2d 275, 281 (6th Cir. 1985) (citations omitted). For the error to be reversible, the defendant must show that he was actually prejudiced by the denial of the requested continuance. *Burton v. Renico*, 391 F.3d 764, 772 (6th Cir. 2004). "'Actual prejudice' is established 'by showing that a continuance would have . . . added something to the defense.'" *United States v. Crossley*, 224 F.3d 847, 855 (6th Cir. 2000) (quoting *United States v. King*, 127 F.3d 483, 487 (6th Cir. 1997)).

In its order denying Sharrak's fifth motion for adjournment, the district court noted that it had previously "informed Defendant that his nearly two-year effort to forestall the conclusion of this case would no longer be permitted, and the court would not grant any adjournments of sentencing absent the most extraordinary circumstances." Dkt. No. 151 at 1-2. The district court also addressed each of Sharrak's arguments that he needed more time to prepare for sentencing. In response to Sharrak's argument that an adjournment was warranted based on the complexity of the legal issues involved, the court determined that 18 months to review and respond to the PSR was adequate and that Sharrak's self-representation did not "entitle him to repeated adjournments of his sentencing" even if he "believe[d] the issues to be complex." Id. at 2. With regard to Sharrak's argument that he needed more time to prepare because he had been unable to take his prescribed medication on three occasions in two months, the court found that Sharrak "was able to draft a coherent, five-page motion seeking an adjournment of his sentencing," which suggested to the court that Sharrak had "maintained the mental and physical facilities necessary to proceed with sentencing." Id. at 3. Finally, the court rejected Sharrak's contention that he had been unable to prepare for sentencing after his laptop was confiscated because he had "relied upon the computer since August 2010 to

assist him in his defense." The district court found that Sharrak's claim "[was] directly contradicted by Defendant's own hand-written motion filed in October 2010, in which he stated that he 'has had ONLY the use of bowling/golf pencils' with which to file motions.'" Id. (citing Dkt. No. 87 at 2). The court also noted that neither the United States Marshal Service, nor the Wayne County Sheriff's Department, nor the court itself had "authorize[d] possession of any electronic devices in [Sharrak's] cell." Id.

Sharrak has not demonstrated that the district court acted unreasonably or arbitrarily in denying his motion to adjourn his sentencing for a fifth time. Instead, the record shows that the court considered the appropriate factors when it denied Sharrak's motion for a continuance, including "the length of delay, previous continuances, . . . whether the delay is purposeful or is caused by the accused, . . . the complexity of the case, and whether denying the continuance will lead to identifiable prejudice." *Wilson*, 761 F.2d at 281.

Further, Sharrak has not shown actual prejudice. *See United States v. Faulkner*, 538 F.2d 724, 729-30 (6th Cir. 1976) (holding that "we look for a showing from the defendant of prejudice, i.e., a showing that the continuance would have . . . added something to the defense."). Sharrak suggests that but for the confiscation of his laptop, what "would have [been] added" to his defense, *Faulkner*, 538 F.2d at 730, was additional objections to the PSR. Reply Br. at 7. As the district court noted, however, the Government offered to provide standby counsel with any "legally permissible items" from the laptop but Sharrak "failed to identify any files" that he wanted. Id.; Dkt No. 151 at 3-4. Further, Sharrak's PSR was available to him beginning in November 2010. The district court initially ordered Sharrak to file his objections to the PSR on or before December 8,

2011, a full three-months before his laptop was confiscated. Dkt. No. 142 at 2, 3. The court extended the deadline for Sharrak's objections to January 19, 2012. The district court gave Sharrak a third deadline of March 19, 2012, and requested that standby counsel also file any objections and proposed guideline departures or sentence variances, which Sharrak ultimately adopted in part. He has specified no other objections that he was prevented from raising due to the district court's denial of his motion for a continuance.

### III

Sharrak argues that the district court abused its discretion by imposing a procedurally and substantively unreasonable sentence when it sentenced him to 72 months' imprisonment. Procedural reasonableness is reviewed "under a deferential abuse-of-discretion standard," when, as here, the district court did not ask the *Bostic* question. *United States v. Ross*, 703 F.3d 856, 884 (6th Cir. 2012) (citing *United States v. Chiolo*, 643 F.3d 177, 180 n.1 (6th Cir. 2011)); *see also United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004) (requiring district courts to ask the parties whether they have objections to the sentence pronounced). This Court also reviews the substantive reasonableness of a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Robinson*, 669 F.3d 767, 774 (6th Cir. 2012) (internal quotation marks omitted). When a sentence falls within the guideline range, "a presumption of reasonableness applies." *United States v. Mosley*, 635 F.3d 859, 865 (6th Cir. 2011) (citing *United States v. Vonner*,

516 F.3d 382, 389 (6th Cir. 2008) (en banc)).  To overcome this presumption, a defendant "must articulate some reason that his sentence is not reasonable." *United States v. Ward*, 447 F.3d 869, 872 (6th Cir. 2006).

Sharrak contends that the district court relied on an improper sentencing factor when determining his sentence, *to wit* his "involvement in adult entertainment bars and his continuing involvement with these bars while in jail."  Appellant's Br. at 51.  The district court considered Sharrak's employment situation in response to his objection to a sophisticated means enhancement, and in response to his request for a downward departure from the sentencing guidelines due to diminished capacity.  The court concluded that ample evidence both supported the sophisticated means enhancement and contradicted Sharrak's assertion of diminished capacity.  This evidence included substantial testimony that Sharrak "operated some really, really successful businesses . . . gave orders . . . whipped people into shape . . . cut costs . . . maximized profits . . . made a lot of money for a lot of people . . . in this relatively unusual and unsavory field." Dkt. No. 168 at 42.  The district court also referred to Sharrak's business in its analysis of his post-conviction conduct, including Sharrak's jail phone calls to his business associates that show "he's continuing in that same course of conduct [and that] should be taken into account with regard to sentencing." Dkt. 168 at 56.  Post-conviction conduct is a proper 3553(a) factor, and has been held by this Court to be a proper basis for an upward variance. *See United States v. Barnett*, 460 F.App'x 582, 589 (6th Cir. 2012); *United States v. Ragland*, 226 F.App'x 507, 511 (6th Cir. 2007).

Sharrak also contends that his sentence is "excessive" for a "first time mentally ill defendant." Appellant's Br. at 57.  After determining that Sharrak did not present adequate evidence

of diminished capacity, the district court nevertheless considered Sharrak's potential mental health diagnoses when determining his sentence. The court stated:

> Under Section 3553(a) of Title 18, I need to take into account the nature and circumstances of the offense, the history, the characteristics of the defendant, including his hyperactivity and possible bipolar disorder, but to impose a sentence that reflects the seriousness of the offense and promote respect for the law; that provides objectively just punishment and that provides for adequate deterrence.

Dkt. No. 168 at 60. The district court considered the fact that 96 months was the maximum available term under the guidelines, if the court were to order that the terms be served consecutively, which exceeded the 78-month high-end of the guideline range for concurrent terms. The court found that "going beyond the guideline range would not necessarily be greater than appropriate, greater than necessary." Id. at 16. The district court ultimately determined, however, that sentencing Sharrak to a term of 72 months, well within the guidelines range, was appropriate because of the "defendant's personality characteristics, his excitability and distractibility." Id. at 61.

Under this Circuit's precedent, Sharrak's sentence is entitled to a presumption of reasonableness. *Ward*, 447 F.3d at 872. Because the district court provided a sufficient basis to review the sentence by articulating the 18 U.S.C. § 3553(a) factors that it considered, and because the sentence selected was within the range suggested by the Guidelines, the burden is on Sharrak to articulate some reason why his sentence is not reasonable, which he has failed to do.

IV

For the foregoing reasons, Sharrak's sentence is **AFFIRMED**.