NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0504n.06
Filed: July 19, 2006

No. 05-6455

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee,* | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| SHENA MARIE GREER, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| *Defendant-Appellant.* | ) | DISTRICT OF TENNESSEE |
| | ) | |
| | ) | **O P I N I O N** |

BEFORE:   KENNEDY and COLE, Circuit Judges; VARLAN, District Judge.[*]

**R. GUY COLE, JR., Circuit Judge.** Defendant-Appellant Shena Marie Greer appeals her sentence of twelve months and one day of imprisonment and two years of supervised release, imposed by the district court pursuant to her guilty plea for possession of counterfeit United States currency in violation of 18 U.S.C. § 472. For the reasons set forth below, we AFFIRM the sentence imposed by the district court.

I.

On December 9, 2004, Greer was questioned by an investigator from the Jackson, Mississippi Police Department after she attempted to pass a counterfeit $20 bill at a retail store.

_____

[*] The Honorable Thomas A. Varlan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Upon questioning, Greer voluntarily produced three counterfeit $20 bills. Greer was arrested, and a post-arrest search of her person and property produced two counterfeit $100 bills, a small plastic bag with a white powdery substance that Greer voluntarily identified as "crystal meth," and several items containing white powdery residue. After being read her *Miranda* rights, Greer admitted to having printed the counterfeit currency in her possession using her boyfriend's computer and scanner and acknowledged that she was aware that it was illegal to counterfeit money. Greer's boyfriend consented to a search of his vehicle, which uncovered several other counterfeit bills and materials used for their production, including sheets of paper bearing copies of various uncut federal reserve notes, blank sheets of certificate paper, a black paint pen, and a pink paint pen. During an interview later that day with a federal law enforcement agent, Greer stated that she had been using methamphetamine for a "couple of months," which caused her to "do stupid things."

A grand jury indicted Greer on one count of knowingly possessing seventeen counterfeit bills of United States currency (totaling approximately $700), in violation of 18 U.S.C. § 472. Greer pleaded guilty to the charge, which carries a statutory maximum of twenty years.

The United States Probation and Pretrial Service compiled a Presentence Investigation Report (PSI) that calculated Greer's sentencing range of twelve to eighteen months under the United States Sentencing Guidelines as follows. Greer's base offense level was nine. *See* U.S.S.G. § 2B5.1(a). A two-level enhancement was added for manufacturing or producing the counterfeit currency, in accordance with U.S.S.G. § 2B5.1(b)(2)(A). Since § 2B5.1(b)(2)(A) was found to apply, Greer's offense level was further increased to fifteen, in accordance with U.S.S.G. § 2B5.1(b)(3). Greer's offense level was reduced two points for acceptance of responsibility, for a

total offense level of thirteen. Greer was found to have no criminal history points, and therefore had a criminal history category of I.

Greer submitted a written response arguing that a sentence below the recommended range was appropriate. Greer stated that she was the sole custodian of two minor children and the main source of their financial support. Greer also argued that her lack of any criminal record, and the fact that she was in her mid-twenties before committing her first offense, militated against imposing a harsh sentence.

The district court held a sentencing hearing at which Greer was represented by counsel. Greer's counsel highlighted Greer's lack of criminal history. Greer also testified on her own behalf and stated that her mother and half-sister had recently lost their homes in Hurricane Katrina and had come to stay with Greer, along with her half-sister's three children, ages two, three, and seven. Greer also stressed that her two teenage children still lived with her and depended upon her for financial support.

The district court reviewed the PSI's calculation of Greer's sentencing range of twelve to eighteen months. In sentencing Greer, the court noted that her case was "somewhat unusual" because, unlike career offenders who usually came before the court, she "didn't get in this criminal trouble until just recently." The court attributed her trouble to her admitted recent use of methamphetamine. Although Greer "had a relatively small amount of money," the court characterized counterfeiting as a "serious crime" because, due to technological advancements that increase the ease of printing, the "country is at great risk of serious damage to its economy from people printing their own money." The court further observed that "the flooding of our economy

with counterfeit money is one of the things that terrorists use in order to damage the economy of a country."

The court stated that it was attempting to balance three factors in imposing Greer's sentence: appropriate punishment for her crime, protection of society, and the need to send a message to other members of society regarding the consequences for breaking the law. The court stated that it did not see Greer as a threat to society, and also believed that it could not "impose a sentence that will punish [Greer] more than [she had already] punished [her]self." The court placed great weight, however, on the third factor, and expressed a need to send a message to others that counterfeiting carries a serious penalty. The court acknowledged it was concerned about Greer's family and stated that "coming up with an appropriate sentence" in Greer's case was "more difficult than most."

The district court sentenced Greer to twelve months and one day of imprisonment. The court explained that "the significance of that one day is that that allows [Greer] to earn good-time credits, which will make [her] sentence less than actually twelve months" if she is successful in earning the credits. The court also sentenced Greer to a two-year period of supervised release and ordered Greer to pay the mandatory special assessment of $100. The court permitted Greer to remain out on bond until the Bureau of Prisons ordered her to report and recommended to the Bureau of Prisons that Greer serve her sentence in a minimum security prison.

II.

Under *United States v. Booker*, sentencing courts are to take into consideration the relevant Sentencing Guidelines range along with the factors enumerated in 18 U.S.C. § 3553(a), and this court is to review those sentences for "unreasonableness." 543 U.S. 220, 245-46, 261 (2005), This

court's reasonableness review considers "not only the length of the sentence but also the factors evaluated and the procedures employed by the district court in reaching its sentencing determination." *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). The length of the sentence is credited as presumptively reasonable when it falls within a properly calculated Guidelines range. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). A district court's sentencing procedure is reasonable when it articulates the reasoning behind the sentence, demonstrates that it has considered the relevant Guideline range and 18 U.S.C. § 3553(a) factors, and has responded to the defendant's arguments. *See United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006). A court need not "engage in a ritualistic incantation of the § 3553(a) factors," but its opinion "should be sufficiently detailed to reflect the considerations listed in § 3553(a)." *United States v. McBride*, 434 F.3d 470, 474 (6th Cir. 2006).

The court's sentence here was reasonable. The court discussed the relevant Guideline range and sentenced Greer to a term of imprisonment and supervised release that fell within that range. The court discussed Greer's history and characteristics as instructed under § 3553(a)(1), acknowledging her lack of criminal history, the likely influence of drug use on her recent actions, and her difficult family situation. The court also noted the nature and circumstances of Greer's offense, *see* § 3553(a)(1), recognizing the small scale of Greer's activities but at the same time emphasizing the increasing prevalence and potential seriousness of counterfeiting crimes. The court discussed at some length the need to appropriately punish Greer for her offense, *see* § 3553(a)(2)(A), the need to protect society, *see* § 3553(a)(2)(C), and the need to send a message to other would-be counterfeiters, *see* § 3553(a)(2)(B). The court demonstrated consideration of the kinds of sentences

available by sentencing the Greer to a term of incarceration that would allow her to earn good time credits and by recommending to the Bureau of Prisons that Greer serve her sentence in a minimum security prison. *See* § 3553(a)(3). The court acknowledged Greer's sentencing range under the Guidelines and imposed a sentence within that range. *See* § 3553(a)(4). By choosing a sentence within the relevant Guidelines range, the court's sentence also avoids unwarranted sentencing disparities among defendants. *See* § 3553(a)(6). Factors contained within § 3553(a)(5), the consideration of pertinent policy statements, and § 3553(a)(7), the need to provide restitution to victims, were not applicable. The court's reasoning was detailed and thorough and clearly satisfies this court's reasonableness review.

## III.

For the foregoing reasons, we affirm the sentence imposed by the district court.