NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0392n.06
Filed: June 14, 2007

No. 06-1640

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| SULPICIO RAMIREZ-PEREZ, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

**Before: ROGERS and COOK, Circuit Judges; and DOWD, District Judge[*]**

**ROGERS, Circuit Judge.** Defendant-Appellant Sulpicio Ramirez-Perez appeals the 27-month sentence imposed by the district court following the defendant's conviction for violating 8 U.S.C. §§ 1326(a) and (b)(1) for being an alien found in the United States who had previously been removed after an aggravated felony conviction. Ramirez-Perez maintains that his sentence is both procedurally and substantively unreasonable. Because the district court did not commit plain error in sentencing the defendant and because the sentence is substantively reasonable, we affirm the judgment of the district court.

---

[*]The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

The defendant is a Mexican citizen who was first deported from the United States in 1995. He re-entered the United States and was deported again in July of 1997 following a felony conviction for auto burglary. The defendant again re-entered the United States and was again deported in January of 2000. The defendant re-entered yet again and was discovered in the United States on September 23, 2005, following his arrest for resisting a police officer and for breaking and entering. The defendant was indicted and pleaded guilty to violating 8 U.S.C. §§ 1326(a) and (b)(1) for being an alien found in the United States who had previously been removed after an aggravated felony conviction.

Prior to his sentencing, the defendant filed a sentencing memorandum, requesting a sentence "sufficient, but not greater than necessary, to comply with the purposes of sentencing." In a section addressing the nature of the offense and the history and the circumstances of the defendant, the defendant directed the court's attention to several letters written on his behalf by friends and family attesting to the fact that the defendant is a good father, a hard worker, and that prison would have a negative impact on his family. The district court stated that it had read the defendant's sentencing memorandum.

The district court calculated the relevant Guidelines range as calling for 24 to 30 months in prison. At sentencing, defense counsel requested a two-level variance because of (1) the age of the defendant's prior convictions, many of which carried no criminal history points, and (2) the sentencing disparities created by so-called "fast-track" jurisdictions. The district court rejected the

argument regarding sentencing disparities created by fast-track jurisdictions, a decision that Ramirez-Perez does not challenge on appeal.

At sentencing, the district court recounted Ramirez-Perez's criminal history, including convictions for auto burglary, driving under the influence, petty theft, grand theft (a crime to which the defendant pleaded guilty but denied committing), open-container violations, driving without a license, and disturbing the peace. The court noted that Ramirez-Perez denied being deported in 1995 and denied having committed some of the crimes of which he was convicted. Noting the defendant's habit of re-entering this country after every deportation, the district court stated that "the country has to protect itself from getting him back here any sooner than it could occur otherwise." Finally, the court stated that it had "substantial doubts" about Ramirez-Perez's assertion that he intended to stay in Mexico following deportation, given Ramirez-Perez's prior history.

After considering the defendant's crime and his criminal history, the district court imposed a sentence of 27 months in prison. When the court asked counsel if he had any objections, defense counsel answered that he did not. The defendant filed a timely appeal.

Because the defendant failed to object to the district court's § 3553 analysis at the sentencing hearing, his claim of procedural unreasonableness is reviewed for plain error. *United States v. Blackwell*, 459 F.3d 739, 772-73 (6th Cir. 2006). "To establish plain error, a defendant must show (1) that an error occurred in the district court; (2) that the error was plain, i.e., obvious or clear; (3) that the error affected defendant's substantial rights; and (4) that this adverse impact seriously

affected the fairness, integrity or public reputation of the judicial proceedings." *United States v. Abboud*, 438 F.3d 554, 583 (6th Cir. 2006).

The sentence is procedurally reasonable because the district court adequately discussed the relevant § 3553(a) factors at sentencing. The defendant maintains that the district court erred because it failed to address the letters specifically and "relied only on the negative facts presented in the Presentence Investigation Report." As recounted above, the district court adequately took into account the nature and circumstances of the offense and the history and characteristics of the defendant when it noted the defendant's lengthy criminal history, the fact that the defendant had re-entered the country illegally on numerous occasions, and that he had refused to take responsibility for some of his past conduct. The district court's discussion also covered the relevant portions of § 3553(a)(2). J.A. at 53 ("It doesn't take him long to decide to ignore the immigration laws of the United States and to get back here as soon as he can. So, therefore, I think the country has to protect itself from getting him back here any sooner than it could otherwise."); J.A. at 54 ("He stated that he intends to remain in Mexico following deportation. I have substantial doubts about that, based on three prior re-entries."); *id.* ("He has a number of alcohol-related charges, too. . . . [A]ll these alcohol offenses lead to dangerous [sic] lives.").

We also reject the defendant's argument, relying on this court's decision in *United States v. Richardson*, 437 F.3d 550 (6th Cir. 2006), that the district court erred because it did not discuss the letters submitted to the court on Ramirez-Perez's behalf. Although this court in *Richardson* stated that a district court must consider a defendant's argument in support of a lower sentence and explain

its reasons for rejecting it, 437 F.3d at 554, this court has held that "[w]hen a district court adequately explains why it imposed a particular sentence, especially one within the advisory Guidelines range, we do not further require that it exhaustively explain the obverse—why an alternative sentence was not selected—in every instance," *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006).

Even if the district court should have discussed the letters, the omission did not affect the fairness, integrity, or public reputation of the proceedings. Any error was at most a procedural error and, as discussed below, the district court imposed a substantively reasonable sentence and thoughtfully applied the relevant § 3553(a) factors. *See United States v. Blackwell*, 459 F.3d 739, 774-75 (6th Cir. 2006).

Ramirez-Perez's sentence is substantively reasonable. There is no evidence that the district court "select[ed] the sentence arbitrarily, base[d] the sentence on impermissible factors, fail[ed] to consider pertinent § 3553(a) factors or [gave] an unreasonable amount of weight to any pertinent factor." *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006). Although Ramirez-Perez argues that "[b]ased on the mitigating arguments raised when the sentence was imposed, this sentence is substantively unreasonable and should be vacated," he fails to make any further argument connecting the mitigating evidence to the relevant factors under § 3553(a), and fails to make any argument regarding why a lower sentence is compelled in light of his prior history and background. Although the letters submitted to the district court portray the defendant as a good father and a hard worker, and there is no doubt that his being sent to prison will have a negative effect on his family,

these facts, standing alone, do not overcome the presumption of reasonableness that this within-Guidelines sentence is entitled to.

For the foregoing reasons, we affirm the judgment of the district court.