NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0441n.06

No. 24-3699

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Sep 29, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE |
| | ) | NORTHERN DISTRICT OF |
| MICHAEL DEVON MITCHELL, | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

Before: SUTTON, Chief Judge; BATCHELDER and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Michael Mitchell pleaded guilty to being a felon in possession of a firearm. The district court sentenced him to an above-Guidelines sentence. Mitchell now challenges the reasonableness of his sentence. Seeing no error, we AFFIRM.

I.

Police found Michael Mitchell with a firearm during a traffic stop. A grand jury later indicted him on one count of being a felon in possession of a firearm. Mitchell pleaded guilty as charged. Before sentencing, the district court notified the parties that it was considering an upward variance. At sentencing, the court calculated the Guidelines range as 24-to-30 months; neither party objected. Relying heavily on Mitchell's lengthy criminal record and his numerous violations of prison rules while previously incarcerated, the court sentenced Mitchell to an above-Guidelines sentence of 37-months' imprisonment. Mitchell now appeals.

II.

*Procedural Reasonableness.* Mitchell argues that his sentence was procedurally unreasonable because the district court failed to properly consider the sentencing factors listed in 18 U.S.C. § 3553(a). To fashion a procedurally reasonable sentence, the district court "must properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). But Mitchell didn't raise his procedural-reasonableness challenge in the district court; so we review for plain error. *United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc).

We see no error, plain or otherwise. The court considered Mitchell's lengthy criminal history, which included aggravated robbery and began when he was a juvenile. The court explained that Mitchell had adjusted poorly to supervision and incarceration and had affiliated with gangs while incarcerated. During his various incarcerations, Mitchell racked up many prison violations, and once released, he routinely violated his probation and supervised release. The court acknowledged that the average sentence for defendants with Mitchell's Guidelines range was 27 months, and that varying upward might result in a sentencing disparity. But the court deemed the 37-month sentence appropriate based on Mitchell's prior criminal history and numerous prison violations. And the court considered the need for the sentence imposed, noting that during the instant offense, Mitchell had lied to the police; and it also considered the need to protect the public, given that Mitchell continued to carry a firearm despite his felon status. Finally, the court considered the mitigating evidence, including Mitchell's family history, his tough upbringing, his employment history, and his substance-abuse issues. In the end, the court explained why

Mitchell's criminal history trumped any mitigating evidence and weighed in favor of an upward variance. The district court thus properly considered the § 3553(a) factors and imposed a procedurally reasonable sentence. *See United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2005).

*Substantive Reasonableness.* Mitchell also argues that his above-Guidelines sentence was substantively unreasonable. In short, "[a] claim that a sentence is substantively unreasonable is a claim that a sentence is too long." *Rayyan*, 885 F.3d at 442. "It's a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *Id.* Even when a district court varies upward, a defendant "still must surmount a high bar to succeed on a substantive-reasonableness challenge." *United States v. Thomas*, 933 F.3d 605, 613 (6th Cir. 2019). Our review is for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Mitchell has not met the high bar required to show an abuse of discretion. In fashioning the sentence, the district court considered Mitchell's lengthy criminal history, his prior probation violations, and his countless violations while previously incarcerated. The court weighed those negatives against the mitigation evidence and ultimately determined that a modest variance was necessary to deter Mitchell from further dangerous conduct. Nothing precluded the court from putting more weight on Mitchell's criminal history, even if already accounted for in the Guidelines calculation. *See Rayyan*, 883 F.3d at 443; *see also United States v. Dunnican*, 961 F.3d 859, 881 (6th Cir. 2020) ("We have consistently rejected defendants' arguments that a district court cannot impose upward variances based on criminal history, simply because the Guidelines calculation already accounts for criminal history as a factor."). In sum, the court "properly considered all of

the factors, balanced them, and imposed a reasonable sentence. We see no basis for second guessing that judgment." *Rayyan*, 885 F.3d at 443.

* * *

We AFFIRM.